## James O. Dimmick, Silas B. Robinson, B. S. Robinson and Cora Frear, Appellants, *v.* The Delaware, Lackawanna and Western Railroad Company.

*Railroad—Farm crossing—Act of February* 19, 1849, sec. 12—*Equity*.

Where a railroad company settles with a landowner for its right of way by paying him damages, and further agrees to put down a farm crossing, the remedy of the landowner against the railroad company to compel the latter to put down the farm crossing in accordance with its agreement is not obtained by bill in equity, but by proceedings under the general railroad law of February 19, 1849, sec. 12, P. L. 84.

Argued Feb. 26, 1897. Appeal, No. 50, Jan. T., 1897, by plaintiffs, from decree of C. P. Lackawanna Co., Nov. T., 1896, No. 5, on bill in equity. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to compel a railroad company to put down a farm crossing according to contract.

The material averments of the bill are set forth in the opinion of the Supreme Court.

The defendant demurred to the bill.

The court below, ARCHBALD, P. J., sustained the demurrer and dismissed the bill in the following opinion:

The plaintiffs have land lying upon each side of the D., L. & W. R. R., and this bill is brought to compel the construction of a causeway from one side to the other for their accommodation in accordance with the provisions of the general railroad law: Act of February 19, 1849, sec. 12, P. L. 84. The statute which imposes this duty, however, at the same time further provides, that "if the said company shall neglect or refuse on request to make such causeway or causeways, or when made to keep the same in good order, the said company shall be liable to pay any person aggrieved thereby all damages sustained by such person in consequence of such neglect or refusal; such damages to be assessed and ascertained in the same manner as provided in the last section." A specific remedy being thus given, by which the party aggrieved is afforded redress in damages for the neglect of the company to meet their statutory duty, it would seem to follow that it is to be regarded as exclusive as well as adequate.

[The plaintiffs, however, contend that it is inadequate because it merely gives the party damages, leaving unfulfilled the obligation imposed by the statute; and that in case of neglect, the powers of a court of equity may consequently be invoked to compel a specific performance of it; this remedy being additional to that conferred by the act itself. We cannot sustain this contention. It loses sight of the fact that the obligation is one not of common right, but purely of statutory origin, and that in immediate conjunction with that which imposes it, is found the remedy alternative upon its breach. In other words, that which creates the duty fixes the liability and directs the course to be pursued upon a default. If more than this was intended it was easy for those who framed the law to say so. We can hardly be expected to pronounce inadequate the specific remedy which their judgment regarded as effective, or to take jurisdiction in equity because it may seem to us that it was not.] [2]

We are not unaware that some of the requirements of the statute have been specifically enforced. For instance, where a portion of the bed of an abandoned turnpike was appropriated by a railroad, the company was compelled to reconstruct the road in accordance with the duty imposed by the 13th section of the railroad act: Pittsburgh, etc., R. R. v. Com., 104 Pa. 583. But the injury there was public not private, and was enforced at the instance of the attorney general by a mandamus; and what is more to our purpose, the statute provided no other remedy for the neglect. These circumstances materially distinguish that case from this.

On the other hand—sustaining the idea that the remedy given by the statute is exclusive—we have the case of Knorr v. Germantown Railroad, 5 Whart. 256. Under the special statute incorporating the defendant road the same provisions, as here, are found, with regard to the construction of causeways, and the damages to be recovered for the neglect to do so. But by a subsequent act the company was authorized to change the route of its road, and any damages resulting therefrom were to be settled, in case of disagreement, by viewers. The company under its original charter located its road over the plaintiff's land and constructed an embankment thereon, whereupon the plaintiff demanded the erection of a causeway. This part of the road, however, under the option given by the supplemental charter, was never completed; another route being adopted. The plaintiff then brought an action on the case for damages for the failure to construct the causeway demanded, but it was held that he was remitted to the remedy provided by the supplement, which was intended in the judgment of the court to cover all claims for damages resulting from the change, including those incident upon a refusal to construct a causeway.

The demurrer is sustained and the bill is dismissed at the cost of the plaintiff.

*Errors assigned* were (1) in dismissing bill; (2) portion of opinion as above, quoting it.

*S. B. Price*, with him *J. W. Browning*, for appellants.— Equity jurisdiction is given over corporations by statute, in Pennsylvania: Act of June 16, 1836, P. L. 789; 1 Purd. 775;

Com. v. Bank of Pa., 3 W. & S. 184; Baptist Congregation v. Scannel, 3 Grant, 48; Langolf v. Seiberlitch, 2 Parsons, 64; Sarver's Appeal, 81* Pa. 183; Stang's Appeal, 10 W. N. C. 409.

It is not sufficient to oust the jurisdiction of equity that the plaintiff has a remedy at law unless it is adequate and complete: Bank of Ky. v. Schuylkill Bank, 1 Parsons, 191; Bank v. Adams, 1 Parsons, 541; 1 Pomeroy's Equity, secs. 279, 281; Knorr v. Phila., Gtn. & Morristown R. R., 5 Wharton, 256; Cooley's Cons. Limitations, 651; Hall v. Clearfield, etc., Ry., 168 Pa. 72.

It was decided in one of the courts of common pleas that an agreement that the land owner may use a trestle in lieu of a causeway must be carried out: Griswold v. Balto. & Phila. R. R., 3 Del. Co. Rep. 549.

*Everett Warren* and *Henry A. Knapp*, for appellee, were not heard, but argued in their printed brief.—The bill as filed does not present the frame of a case warranting the intervention of a a court of equity: Bispham's Principles of Equity, 59; 1 Pomeroy's Equity, p. 306; Spangler's App., 64 Pa. 387; Stump's App., 38 L. I. 205; Bailey v. Fitzpatrick, 8 Phila. 93; Dubbs v. R. R., 148 Pa. 66; Port v. Huntingdon and Broad Top R. R., 168 Pa. 19.

PER CURIAM, March 22, 1897:

The plaintiffs' bill set forth the following facts. The plaintiffs are owners of a tract of land which was crossed by the surveyed line of the defendant company's railroad. A right of way over the tract was obtained by proceedings under the general railroad law of 1849, which were had in 1850. The company did not construct a farm crossing over the track for the owners of the land. In 1861, the parties made a settlement of the claim of the owners, adjusting the damages accrued to that date at $170, which were paid, and the railroad company agreed to put in the crossing. This has not been done. The bill was filed at the November term, 1896, seeking the specific execution of the agreement made in 1861. The prayers for relief are for a mandatory order directing the defendant to build the crossing, and for an ascertainment of the damages sustained by the plaintiffs for the want of it for the last thirty-five years.

The defendant demurred, assigning as reasons for the demurrer that the bill did not present a case for relief in equity, and that the plaintiffs had an adequate remedy at law under the act of February 19, 1849, which it was their duty to resort to. The court below sustained the demurrer, and this appeal is from that decree. Upon the facts of this case, we are of opinion that both of the reasons assigned for the demurrer are good. The remedy the plaintiffs had open to them in 1850 and 1861 was not in equity, but at law, and in the manner pointed out by the general railroad law of 1849.

We see no reason upon the facts before us for doubting that their standing in a court of equity has not been improved by a delay of thirty-five years in asserting the remedy provided by statute for them. The assignments of error are not sustained and the decree is affirmed.