## Lilley, Appellant, v. Pittsburg, Virginia & Charleston Railway Company.

*Railroads—Right of way—Agreement with landowner—Contract—Severable contract.*

Where an agreement between a railroad company and a landowner contains a grant of a right of way "for and in consideration of the benefits and advantages" from the construction of a railroad through the land, and also contains a release of damages, provided that the railroad company should pay a certain sum in money, make cattle guards, and give five wagon roads over its tracks, the contract is severable, and the rights to the wagon roads are private rights of way owned by the owner, and may be condemned by the railroad company under the Act of March 17, 1869, P. L. 12, in widening its roadway.

The right of a railroad company to make the necessary improvements contemplated by the Act of March 17, 1869, P. L. 12, was intended in large measure to be exercised for the public good, and it will not be presumed in the absence of clear words that the company intended to barter away that right, and thus disable itself wholly or in part to perform those public functions it had undertaken.

Argued Oct. 20, 1905.    Appeal, No. 44, Oct. T., 1905, by

plaintiff, from decree of C. P. Washington Co., No. 1437, in Equity, dismissing bill in equity in case of Thomas Lilley v. The Pittsburg, Virginia & Charleston Railway Company. Before MITCHELL, C. J.; FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

McILVAINE, P. J., filed the following findings of fact and conclusions of law :

### FACTS FOUND.

1. Thomas Lilley, the plaintiff, is the owner of a tract of land in East Pike Run township, in this county, containing 232 acres more or less, over which the Pittsburg, Virginia and Charleston Railway Company, the defendant, in the year 1876 (or near that time) constructed its railroad and has ever since operated the same. The ground occupied by the defendant company as a right of way for the track of its road in 1876 over this farm—for a valuable consideration—was " granted, bargained, sold and conveyed " to it by the father of the plaintiff who then owned the farm, and the plaintiff took title to the farm subject to the defendant company's easement thus conveyed to it. The defendant's way, as described in said conveyance, was sixty feet " in width at grade and such additional width as may be required and necessary in the construction of said road at cuttings and embankments to make sixty feet wide at grade and extending in length as far as the said road may pass over " said farm. In the writing dated April 12, 1876, in which this grant is made, the then owner of the farm also released any claim for damages in these words : " and I hereby for myself, my heirs and assigns release the said Pittsburg, Virginia and Charleston Railway Company from any and all damages resulting to me by the location and construction of said railway through my said land provided said railway company pay me before they enter on said land the further sum of $250 (that is in addition to the sum paid for the grant of the right way) and make cattle guards at each end of my line where it is now enclosed and do not damage my springs and give me at least five wagon roads under their track or at

grade through my farm and remove any buildings at their own expense."

2. There is no complaint in plaintiff's bill that the money consideration of the grant to the railway company of the right of way in question, or for the release of damages have not been fully paid, nor is there any claim that the cattle guards were not built nor that any springs have been injured nor that " the five wagon roads under their track or at grade " were not given.

The defendant company in the year 1890 and now again in the year 1904, seeks to condemn more land on each side of the sixty feet right of way ; and in the petition for approval of the bond tendered in the year 1904, and now on file to No. 156, August Term, 1904, on the law side of this court and pending for approval it avers that it seeks also to condemn four of these wagon roads and the right to change the other; the language is as follows : " also all the right, title and interest of said Thomas Lilley in four of the grade crossings as claimed by said Thomas Lilley under the release of Thomas Lilley dated April 12, 1876, which calls for five crossings. For the fifth crossing called for by said release the company are to construct an underground or overhead crossing whichever may be more suitable for a crossing at the point chosen by Mr. Lilley."

The land sought to be condemned in 1890, and to secure the damages for the condemnation thereof for which a bond was then filed to No. 216, February Term, 1890, is on and adjoins the east side of the right of way granted in 1876, and contains in all about eleven and one-half acres.   This land has not all yet been actually used by the railroad company and a view to assess damages has not been held.   The land sought to be condemned in 1904, and to secure the damages caused thereby for which the bond was filed for approval to No. 156, August Term, 1904, is almost entirely on and adjoins the west side of the right of way granted in 1876, and contains about six and one-half acres.

4. The directors of the defendant company have by proper resolution appropriated these additional strips of land on the east and west side of their old right of way because they believed the land was necessary for the present and future needs

of the company and they intend eventually to cover it all with additional tracks and sidings as a place for the storing and distribution, of empty and loaded freight cars and no more land has been taken than the civil engineer of the company believes is necessary.

5. The plaintiff denies the right of the defendant company to condemn and appropriate the road crossings provided for in contract of April 12, 1876.

### CONCLUSIONS OF LAW.

1. That the plaintiff is not entitled to equitable relief and the restraining orders prayed for should be refused and plaintiff's bill dismissed.

2. That the petition and bond filed to No. 156, August Term, 1904, is not an attempt to rescind any part of the agreement of April 12, 1876, executed by it and Thomas Lilley, deceased.

*Error assigned* was decree dismissing the bill.

*W. B. Rodgers*, with him *J. W. Kraus*, *W. S. Parker*, *Winfield McIlvaine* and *Norman E. Clark*, for appellant.—The crossings were not a reservation out of the grant but are in appellant under grant from the railway company.

The crossings were vested in appellant as a part of the consideration for the grant and a release of damages arising out of the location and construction of the railroad thereon and cannot be condemned while the railway company retains the fruits of its contract: Mt. Pleasant Coal Co. v. R. R. Co., 200 Pa. 434; Pittsburg, etc., Ry. Co. v. McCloskey, 110 Pa. 436; Semple v. R. R. Co., 172 Pa. 369.

*A. M. Todd*, with him *J. A. Wiley*, for appellee, cited: Semple v. R. R. Co., 172 Pa. 369; Kenny v. Ry. Co., 208 Pa. 30.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906:

The learned trial judge has found and clearly stated all the material facts of the case and in his opinion has fully vindicated the decree which he directed to be entered.

The only question in this case is the right of the defendant

company to condemn the four grade crossings which the plaintiff claims he is entitled to under the contract of April 12, 1876. It is clear, we think, that this is a severable and not an entire contract. The clause relating to the damages and the wagon roads across the tracks to be given Mr. Lilley may be omitted from the contract and still the grant of the right of way will have a valuable consideration to support it and be enforceable against the grantor. The conveyance is complete without this clause, and vests in the railroad company the easement through the farm of Mr. Lilley. The only plausible theory, and the correct interpretation of the contract, therefore, is that suggested by the trial judge that the release of damages was intended to release the railway company from any damages which, by the construction of the railroad, might result to that part of the farm outside the right of way. These damages may have been released by the grant of the easement, as has been held in some jurisdictions, but the parties thought the release necessary to relieve the company from damages and for that reason it was inserted in the conveyance. Following the release is the proviso, the several matters in which clearly constitute the consideration for the execution of the release and not, as claimed by the plaintiff, for the grant of the right of way. The contract did not provide that the $250.00 should be paid, the cattle guards should be constructed, and the company should give Mr. Lilley the wagon roads over its tracks as a consideration for the conveyance of the right of way, but, on the contrary, it expressly sets forth that the grant of the right of way was made "for and in consideration of the benefits and advantages to me from the construction of its railway through my land." The money to be paid and the acts to be done, as required in the proviso, must, therefore, be regarded as the consideration for the release of damages for injuries done the plaintiff's farm outside the appropriation for the right of way for the construction of the defendant's road.

The right to the wagon roads over the defendant's tracks, acquired as the consideration for the release of damages, was the property of Mr. Lilley, and could be appropriated by the defendant company under the Act of March 17, 1869, P. L. 12: 2 Purd. 1798. The crossings were easements or private rights of way and as such may be taken by the company under the

statute. In doing so the defendant is not repudiating or rescinding the contract of April 12, 1876, as contended by the learned counsel for the plaintiff, but simply appropriating for its legitimate use the property of the plaintiff in accordance with the laws of the state.

In Jones v. Pittsburg, etc., Railroad Company, 11 Pa. Superior Ct. 202, it was held that a railway company could, under the act of 1869, appropriate a part of a private right of way, which the company had agreed not to interfere with in the contract made with the owner of the land by virtue of which it had acquired its right of way. In that case it is said by RICE, P. J., delivering the opinion : " The right of a railroad company to make the necessary improvements contemplated by the act of 1869 was intended in large measure to be exercised for the public good and it will not be presumed in the absence of clear words that the company intended to barter away that right and thus disable itself wholly or in part to perform those public functions it has undertaken."

We see no error in the record, and, therefore, the decree of the court below is affirmed.