# Marsh v. Lehigh and New England Railroad Company, Appellant.

*Railroads—Crossings—Contract—Equity.*

Where a duty to maintain a crossing by a railroad company rests entirely in contract, equity has jurisdiction to compel the restoration of the crossing when it has been obstructed by the railroad company. The remedy provided by section twelve of the Act of February 19, 1849, P. L. 79, is applicable only where a railroad company constructs its road on lands taken in the exercise of the right of eminent domain.

Argued March 5, 1906. Appeal, No. 71, Jan. T., 1905, by defendant, from decree of C. P. Northampton Co., April T., 1904, No. 2, on bill in equity in case of Cyrus C. Marsh v. Lehigh and New England Railroad Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Bill in equity for a mandatory injunction.

SCHUYLER, P. J., filed the following opinion:

By deed dated June 8, 1889, one Stoneburner, a predecessor in title of the plaintiff to the land involved in the present controversy, conveyed to the Pennsylvania, Poughkeepsie and Boston Railroad Company, the predecessor in title of the defendant company, a strip of land in fee simple, said strip dividing the unsold portion of the land into approximately two equal parts. The purpose of said conveyance was to furnish the Pennsylvania, Poughkeepsie and Boston Railroad Company with a site over which to extend its road by means of an embankment ten or twelve feet high, covering the entire strip, and the embankment was constructed accordingly by said company. In part consideration for their deed the company covenanted " to erect and maintain a suitable road crossing as provided by law." Stoneburner parted with his title to one Anthony in the year 1896, and the crossing stipulated for as aforesaid not having as yet been provided, and the defendant having succeeded to the franchise and liabilities of the Pennsylvania, Pough-keepsie and Boston Railroad Company, it was agreed between Anthony and the defendant that the crossing should take the form of an opening through the embankment, which was ac-

cordingly made and so continued until May 20, 1902, the plaintiff having succeeded to Anthony's title in the meantime. On the date last mentioned, the defendant closed the opening, which is the injury complained of. The prayer of the bill is for a mandatory injunction to restore the opening.

Substantially the only defense set up is want of jurisdiction in this court to grant the relief prayed for on the theory that section 12 of the Act of Feb. 19, 1849, P. L. 79, 2 Purd. 1796, prescribes a different remedy that is full, adequate, complete and consequently exclusive. I cannot accept this theory. As I read said section it applies only where a railroad company constructs its road on lands taken in the exercise of the right of eminent domain, and when that happens the duty to maintain a crossing is imposed by the statute creating the duty. In the case at bar the duty rests entirely in contract, which differs the case from Dimmick v. D., L. & W. R. R. Co., 180 Pa. 468, so much relied on by defendant. Nor can I accept the theory that the injury suffered by the plaintiff can be easily compensated by a common-law action, for the injury is a continuing one requiring many actions. Moreover, the act causing the injury was done suddenly during the temporary absence of the plaintiff, who promptly protested against it as soon as discovered, elements that are persuasive in application for mandatory injunctions.

And now, November 21, 1904, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed that the defendant restore the opening described in the plaintiff's bill to its former condition as it was on May 20, 1902, immediately before its obstruction by the defendant, within twenty days after notice of this decree served upon him. It is further ordered that the defendant pay the costs.

*Error assigned* was the decree of the court awarding mandatory injunction.

*E. J. Fox*, with him *J. W. Fox*, for appellant.

*W. S. Kirkpatrick.* of *Kirkpatrick & Maxwell*, for appellee.

PER CURIAM, May 7, 1906 :

The decree is affirmed on the opinion of the court below.