# Stoner, Appellant, *v.* Pittsburg, Bessemer & Lake Erie Railroad

*Railroad—Eminent Domain —Widening Road—Farm Crossings—Acts of March 17, 1869, P. L. 12, and February 19, 1849, P. L. 79.*

1. Where a railroad condemns land for the widening of its right of way the failure to extend a farm crossing previously maintained amounts to a destruction of an easement appurtenant to the land appropriated and constitutes an element of damages in a proceeding under the Act of March 17, 1869, P. L. 12; but where the owner has claimed and been awarded damages in such a proceeding for the destruction of the causeway he cannot thereafter maintain a duty on the part of the railroad to give him another causeway or additional damages under the Act of February 19, 1849, P. L. 79. Davis v. Penna. R. R. Co., 43 Pa. Superior Ct. 119 distinguished.

*Railroads—Eminent domain—Statutory proceedings—Practice—Equity—Responsive answer—Introduction of additional facts.*

2. Where in a statutory proceeding the initial step is assimilated to a proceeding in equity, the subsequent pleadings, in the absence of directions to the contrary, are subject to the rules of equity practice.

3. An answer in an equity proceeding is not made any the less responsive by the setting forth of all the facts, though some new matter may be introduced thereby.

4. In a statutory proceeding to recover damages from a railroad for failure to extend farm crossings where the petition shows a proceeding already had "to recover damages for land taken and damage done to said farm" without any averment that the damages for the destruction of the causeways in question were not adjudicated in this prior proceeding, and the answer supplements the petition and avers that the destruction of these causeways was considered as an element in the other proceeding and that damages therefor were adjudicated and awarded to the plaintiff, and no general replication is filed and the answer is not excepted to, it is not error for the court to adjudge the petition in the light of the averments in the answer.

Argued Oct. 11, 1910. Appeal, No. 51, Oct. T., 1910, by plaintiff, from order of C. P. Butler Co., June T., 1909, No. 38, refusing to appoint viewers in case of William J. Stoner v. The Pittsburg, Bessemer & Lake Erie Railroad. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Petition for the appointment of viewers. Before GAL-BREATH, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was order of court discharging rule to show cause why viewers should not be appointed.

*John M. Greer*, with him *John B. Greer* and *Thomas H. Greer*, for appellant, cited: Cameron v. Pittsburg & L. E. R. R. Co., 157 Pa. 617; Lilley v. Penna. R. R. Co., 219 Pa. 447; Port v. Huntingdon & B. T. R. R. Co., 168 Pa. 19.

*John H. Wilson*, with him *C. L. McQuistion*, for appellee, cited: Marsh v. Lehigh & N. E. R. R. Co., 215 Pa. 141.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1911:

One of the plaintiff's predecessors in title gave a railroad right of way through the farm referred to in this case. Subsequently, on May 15, 1897, a conveyance in fee was made to the defendant of the land covered by this right of way and of an additional strip bordering its eastern side, reserving two farm crossings or causeways across the railroad tracks. After this, in October, 1906, in order to widen its roadbed again, the defendant condemned a strip of land running along the western side of the original right of way, and in making this last improvement it destroyed the two causeways. Viewers appointed to assess the damages arising from this widening made an award of $1,800, from which the defendant appealed. The pleadings on the appeal show a claim for the destruction of the two causeways, and the jury was instructed that the condemnation involved the taking of these crossings. After receiving a verdict of $1,900, the plaintiff filed a petition asking for the appointment of viewers to assess damages against the defendant for its failure and refusal to give him another causeway.

The petition avers title and possession; that the defendant in 1906, "for the purposes of widening its roadbed" condemned certain land; that it afterwards "made large cuts and fills and absolutely destroyed and discontinued two farm crossings or causeways passing over said railway . . . . leaving the farm without any crossing or means of passage from one tract to the other;" that the petitioner had requested the defendant to make a crossing as required by law and it had neglected and refused so to do; and that the defendant had not made compensation to the owners "for the damages already sustained by them, or likely to be done or sustained on this account." The petition makes reference to a prior "proceeding . . . . to recover damages for the land taken and damages done to the said farm" by the widening in question. The defendant filed an answer in which inter alia it set forth the facts as we have already detailed them. The court below dismissed the petition and the plaintiff has appealed to this court.

The plaintiff cites the recent case of Davis v. Penna. R. R. Co., 43 Pa. Superior Ct. 119, and contends thereon that, the petition being in due form and averring the necessary jurisdictional facts, the court was bound to appoint the viewers and the refusal so to do constituted reversible error. That case was decided sometime after the present one, and, so far as the record shows, the point now contended for was not raised or passed upon in the court below. However, the two cases are quite different. In the Davis case the petitioner alleged that his property had been divided by the railroad and that the defendant had refused to give him a causeway. The answer denied the refusal and averred that the defendant had constructed a crossing for the use of the plaintiff. Depositions were taken, the issue of fact was decided by the court in favor of the defendant, and the prayer of the petition was refused. On appeal the Superior Court held that viewers should have been appointed to pass upon the disputed question of fact. Here the material

averments of the answer merely call attention to additional relative facts appearing of record in the court in which the proceedings were pending; the answer contains no direct denial of any of the facts averred in the petition, and no depositions were taken. Again, the Davis case was a proceeding under the twelfth section of the Act of February 19, 1849, P. L. 79, while the plaintiff's petition was filed under the widening Act of March 17, 1869, P. L. 12.

The failure to extend a farm crossing previously maintained amounts to the destruction of an easement appurtenant to the land appropriated, and constitutes an element of damage in a proceeding under the act of 1869: Lilley v. Pittsburg, etc., Ry. Co., 213 Pa. 247; Lilley v. Penna. R. R. Co., 219 Pa. 447. In the present case the plaintiff claimed damages because of the defendant's failure to extend two such crossings. The petition shows a proceeding already had "to recover damages for land taken and damage done to said farm," without any averment that the damages for the destruction of the causeways in question were not adjudicated in this prior proceeding. The answer supplements the petition and avers that the destruction of these causeways was considered as an element in the other proceeding and that damages therefor were adjudicated and awarded to the present plaintiff. "An answer is not made any the less responsive by the setting forth of all of the facts, though some new matter may be introduced thereby:" Fidelity Title & Trust Co. v. Weitzel, 152 Pa. 498. But the question is, could the responsive averments of this answer be taken as evidence in passing upon the petition?

Where in a statutory proceeding the initial step is assimilated to a proceeding in equity, the subsequent pleadings, in the absence of directions to the contrary, are subject to the rules of equity practice. According to present practice, if any matter alleged in the answer makes it necessary the plaintiff may amend his bill, or he may join issue by a general replication; and where no replication is

filed the points in issue are decided on bill and answer. "No replication need be filed . . . . where the defendant by his answer admits the complainant's case, or sufficient of it to enable him to go to a hearing without the examination of witnesses:" Fletcher's Equity Pleading & Practice, sec. 356. Here no general replication was filed nor was the answer excepted to; the plaintiff apparently realized that no issues of fact were involved and set the case down for hearing on petition and answer. Under the circumstances we cannot say that it was error to adjudge the prayer of the petition in the light of the averments in the answer.

As the plaintiff has already claimed and been awarded damages for the destruction of his causeways, we see no error in the ruling that he can enjoy no further recovery on that score. If these causeways were secured in the adjustment of the original right of way claim, they would be viewed as substitutes for the crossing allowed by the act of 1849: Dimmick v. Delaware, Lackawanna & Western R. R. Co., 180 Pa. 468; while, if the right of way was acquired independently and the duty to maintain these causeways arose entirely through contract, the act of 1849 would have no application: Marsh v. Lehigh & New England R. R. Co., 215 Pa. 141. However this may have been, the plaintiff is not entitled to both the damages and the causeways. After pleading the destruction of the causeways and procuring a verdict, he cannot now maintain a duty on the part of the railroad to give him another causeway or additional damages. Had he not claimed and been awarded damages on account of the abolition of the causeways, or had the verdict covered the value of only one of the crossings, then it might have been necessary to consider the applicability of the act of 1849, and the question of the obligation of the railroad thereunder to extend the remaining causeway or give another over the roadbed as widened would have arisen; but as the plaintiff claimed and was awarded damages for the taking of both causeways, he has recovered all

that he is entitled to receive, and that.question is removed from the case.

Further discussion is unnecessary. We have not overlooked any of the points presented by counsel or considered by the court below, but in the absence of clearer light on the facts surrounding the creation of the causeways, or upon the equity proceeding to restrain their destruction, we prefer to reach our decision from the conclusions already stated.

Without ruling the other questions sought to be raised by the various specifications of error, the assignments are all dismissed and the order of the court below is affirmed.