# Green *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroad companies—Duty to maintain private crossings—Act of February 19, 1849, P. L. 79, Section 12—Equity—Jurisdiction—Mandatory injunction.*

1. The right of a property owner to a private crossing over the tracks of a railroad company which owns a right of way acquired by condemnation through the lands of such property owner, is a vested right, as sacred as any other property right.

2. The remedy prescribed by the Act of February 19, 1849, P. L. 79, Section 12, providing for the recovery of damages, in cases where a railroad company fails to maintain such a crossing, is not appropriate or adequate; the only purpose of the legislature in providing it was to quicken the railroad company in the discharge of the duties imposed by the act.

3. A court of equity has jurisdiction in such case to compel a railroad company to restore a crossing which it has wrongfully demolished. The remedy provided by the Act of 1849 is not exclusive.

4. Where in a suit in equity to compel a railroad company which had acquired by condemnation a right of way through land owned by plaintiff to restore a crossing which it had demolished, the railroad company conceded plaintiffs' right to the crossing, but contended that a court of equity had no jurisdiction to entertain the bill, and alleged that the remedy provided by the Act of February 19, 1849, P. L. 79, Section 12, was exclusive of a remedy in equity, the Superior Court was not in error in affirming a decree of the Court of Common Pleas awarding the relief prayed for.

Argued Feb. 9, 1914. Appeal, No. 240, Jan. T., 1913, by defendant, from decree of Superior Court, Oct. T., 1912, No. 120, affirming decree of C. P. Delaware Co., June T., 1910, No. 12, for plaintiff on bill in equity for a mandatory injunction in case of Robert M. Green and William W. Green v. The Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from the Superior Court.

The facts appear in the opinion of the Supreme Court, and in the opinion of the Superior Court by ORLADY, J., in Green v. Baltimore & Ohio Railroad Co., 52 Pa. Superior Ct. 524.

The Superior Court affirmed the decree of the Court of Common Pleas, awarding a mandatory injunction. Defendant appealed.

*Error assigned,* among others, was in affirming the decree.

*W. B. Linn,* with him *G. H. Stein* and *H. B. Gill,* for appellant, cited: Baum v. P. & R. Railway Co., 21 Pa. D. R. 715; Dubbs v. P. & R. Railroad Co., 148 Pa. 66; Dimmick v. Railroad Company, 180 Pa. 468; Marsh v. Railroad, 215 Pa. 141; Lilley v. Railroad Company, 213 Pa. 247; Jones v. Pittsburgh, Etc., Railroad Company, 11 Pa. Superior Ct. 202; Davis v. Railroad Company, 43 Pa. Superior Ct. 119.

*J. B. Hannum,* for appellees, cited: Marsh v. Lehigh & New England Railroad Company, 215 Pa. 141; Hespenheide v. King, 47 Pitts. L. J. 171; Manbeck v. Jones, 190 Pa. 171.

OPINION BY MR. JUSTICE STEWART, April 6, 1914:

The Baltimore & Philadelphia Railroad Company, to whose rights the Baltimore & Ohio Railroad Company, the defendant in this proceeding, has succeeded, acquired its right of way upon and over the lands of Peter W. Green in 1885 by condemnation proceeding, and, as required by law, constructed a farm crossing over its said railroad for the use and accommodation of the owner of said land. This crossing was used by the then owner of the land and his successors in title until 1902 when the defendant company for purposes of its own removed it, leaving the owners of the land without means of access to that portion which had been separated

therefrom by the railroad. The defendant company having persistently refused to replace the crossing, the plaintiffs, present owners of the land, filed their bill reciting the above facts and praying that a mandatory order issue to compel its replacement. The answer filed concedes the plaintiffs' right to the crossing, but denies their right to the relief prayed for, on the ground that the statute which confers the right to a crossing provides also a remedy where the crossing is withheld, and insists that to this remedy plaintiffs must be confined. The case was heard on bill, answer and evidence, and a mandatory order requiring defendant to restore the crossing was entered, which on appeal to the Superior Court was affirmed. The present appeal is from the decree of affirmance. As in the lower court and in the Superior Court, so here, the only question raised is that of jurisdiction. The position taken by appellant assumes the appropriateness, the adequacy and the exclusiveness of the remedy provided by the statute where a wrong is done such as is complained of here. If upon examination it is found that the remedy lacks any one of these characteristics, it is not necessarily a barrier to the jurisdiction here invoked. In Sec. 12 of the Act of Feb. 19, 1849, P. L. 79, investing railroad companies with the right of eminent domain, it is provided, "that for the accommodation of all persons owning or possessing land through which the said railroad may pass, it shall be the duty of such company to make, or cause to be made, a good and sufficient causeway or causeways, whenever the same may be necessary, to enable the occupant or occupants of said lands to cross or pass over the same, with wagons, carts and implements of husbandry as occasion may require; and the said causeway or causeways, when so made, shall be maintained and kept in good repair by such company. And if the said company shall neglect or refuse on request, to make such causeway or causeways, or when made, to keep the same in good order, the said company shall be liable to

pay any person aggrieved thereby all damages sustained by such person in consequence of such neglect or refusal; such damages to be assessed and ascertained in the same manner as provided in the last section for the assessment of damages." Of course, if what was sought by the bill filed in the present case was the recovery of damages, by way of compensation for the inconvenience and loss suffered and sustained by plaintiffs in consequence of the defendants failure through neglect or refusal to supply the crossing, the plaintiffs were in the wrong court. Unquestionably this statutory remedy in such case would be both appropriate and adequate. But the bill here is not for the recovery of damages; it asks none; what it asks, and all it asks, is that defendant be required to supply to the plaintiffs a convenience which the latter have a legal right to demand, and which the defendant company is under a legal duty to provide. To hold that they must be content with damages for the inconvenience they have been put to by defendant's unjustifiable refusal to supply the crossing, is equivalent to saying that neither the right conferred by the statute, nor the duty imposed was absolute, and that the railroad company can escape the duty and defeat the right by a process of commutation—by paying the damages assessed in successive suits against it for the inconvenience suffered by the plaintiffs through the defendant company's default. We cannot give assent to any such view. We are dealing with a vested right in the plaintiffs to a private crossing on their own lands over the defendant's tracks, a right as sacred as any other property right, which has been disturbed and its free exercise prevented by the defendant, not only without a semblance of right, but in open disregard of the statutory duty imposed on it to provide and maintain the means of its enjoyment. Can the plaintiffs be thus dispossessed of their property and have no remedy for its recovery? It is little less than mockery to say to them, you may get damages for

the inconvenience you have suffered in consequence, that is, in consequence of a dispossession effected by a party without pretense of right to the thing itself. The right of these plaintiffs in the crossing was the gift of the State, and no power but that of the State could deprive them of it. The State had delegated to the defendant company its power in this regard, to be exercised only however in the way prescribed. By the 9th section of the Act of June 7, 1901, P. L. 531, the power is given to railroad companies to discontinue and remove private crossings under prescribed conditions; but the removal and discontinuance of the plaintiffs' crossing was not effected pursuant to any law or agreeably to any established or pretended right. Therefore, the right remains in the plaintiffs in its original force and vigor, except as we shall now say to them that you have been dispossessed of the thing itself by an intruder, and you must be content with compensation for the inconvenience you have suffered. We have no hesitancy in adjudging the statutory remedy prescribed in the act to be neither appropriate nor adequate for the injury here complained of. We think it manifest that the only purpose in providing it was to furnish the means to quicken the defaulting railroad company in the discharge of the duty the act imposed. Because the plaintiffs might have adopted it for that purpose is no reason that they should be denied the right to equitable relief, when the inadequacy of the remedy to right the wrong done is so apparent as it is here. Speaking of the obstruction of a right of way, Mr. Justice TRUNKEY, in Hacke's Appeal, 101 Pa. 245, says, "A judgment for damages does not transfer the plaintiff's property in the way, to the defendant, as would a judgment in trover or trespass for taking goods. Nor will the law restore enjoyment to the owner. He may have repeated actions for damages, and neither gain enjoyment nor lose his right thereto. The law does not offer an adequate remedy. He is entitled to a remedy that will restore him to enjoyment, and is

not confirmed to actions at law for damages resulting from obstructions." The appellant's sole reliance is upon the adjudication in the case of Dimmick v. D., L. & W. R. R. Co., 180 Pa. 468. The decision in that case has been largely misunderstood; not that the per curiam opinion filed is in the least ambiguous, but chiefly because it has too frequently been overlooked that the opinion nowhere rests the decision on the views expressed by the court below which appear at great length in the report. While the facts in that case are very closely analogous to those we have here, there is this very marked distinction which, without more, would have justified a dismissal of the plaintiffs' bill. In that case, as here, the bill sought to compel the railroad company to construct a farm crossing. The railroad company had neglected its duty for more than thirty-five years, and during all this period the complaining party had made no attempt to enforce their right, a fact specially emphasized in the opinion. All that was decided, in the case was, (1) that the bill did not present a case for relief in equity, and (2) that plaintiffs had an adequate remedy at law under the Act of February 19, 1849, which it was their duty to resort to. Both conclusions may well be derived from the one fact referred to; and from the prominence given it in the opinion, it was doubtless allowed controlling significance. For the reasons we have stated, the assignments of error are overruled, and the decree is affirmed at cost of appellant.