## Myers' Petition

*Mark E. Garber* and *Edwin M. Blumenthal,* for petitioner.

*Davies & Harrigan,* contra.

REESE, P. J., September 13, 1940.—The above-named petitioners presented their petition for the appointment of viewers to assess damages caused by the taking and destruction of two rights of way or easements belonging to petitioners by the Pennsylvania Turnpike Commission in connection with the construction of the Pennsylvania Turnpike. The court appointed viewers and fixed June 19, 1940, as the time for the view. The viewers met on that date and viewed the premises involved, and on June 20, 1940, the Pennsylvania Turnpike Commission presented a petition upon which a rule was granted upon petitioners to show cause why the appointment of viewers should not be vacated.

One of the rights of way of petitioners is on and across lands of Laura Coover, and the other right of way exists on and across the lands of Charles P. Means. Part of the Coover and Means land has been taken by the Turnpike Commission for the construction of the turnpike, by reason whereof it is alleged by petitioners their rights of way have been completely blocked, closed, and destroyed.

It is the contention of the Turnpike Commission that the easements or rights of way of petitioners are interests in the Coover and Means properties which are already the subject of condemnation proceedings, and that the determination of the amount or proportion of the damages to which petitioners herein are entitled should be made in the condemnation proceedings affecting the Coover and Means properties.

It is a fundamental principle of constitutional law that property shall not be taken for a public use without just

compensation, and it is well settled that a private easement or a right of way is property in the constitutional sense, and that when one parcel of land is subject to an easement in favor of another, and the former or servient tenement is taken for or devoted to public use which destroys or impairs the enjoyment of the easement, the owner of the latter or dominant tenement is entitled to compensation: 1 Nichols on Eminent Domain, p. 346; Stoner v. Pittsburgh, Bessemer & Lake Erie R. R., 229 Pa. 521; Chambersburg Shoe Mfg. Co. v. Cumberland Valley R. R. Co., 240 Pa. 519; Ciciretti et al. v. Joseph, 1 Fay. 127. Sections 5 and 6 of the Act of May 21, 1937, P. L. 774, which established the Turnpike Commission, provide that the commission may acquire by purchase or condemnation, inter alia, "rights of way, franchises, easements and other interests in lands, as it may deem necessary for the construction and operation of the turnpike . . ." It follows, therefore, that petitioners herein are the owners of a property interest and are entitled to damages for its taking or destruction in the construction of the turnpike.

But is it required that the damages to the owner of an easement or right of way must be determined in the condemnation proceedings involving the servient tenement? The Turnpike Commission relies on two statutes. The Act of July 1, 1937, P. L. 2667, provides that where the owner of the fee and any lessee under such owner are claimants for damages where land is taken under the power of eminent domain, all such claims shall be heard or tried together. Clearly this act is not applicable to the instant situation, for in no sense can the owner of an easement or right of way be regarded as a lessee. The Act of April 14, 1915, P. L. 122, sec. 1, provides that in any petition for the appointment of viewers there must be specified "any judgments, mortgages, or other claims (hereinafter designated 'liens') which are liens upon the land"; and further provides that the viewers shall then determine the amount found to be payable as compensation to the parties entitled

thereto, first to the owners of said liens and then to the owners of the property appropriated. The Turnpike Commission contends that a right of way or an easement may be said to fall within the general character of "other claims" under the foregoing statute. But in using the expression "other claims" the legislature certainly intended to include therein claims which are liens, and the statute expressly so states. Under section 33 of the Statutory Construction Act of May 28, 1937, P. L. 1019, it is provided: "General words shall be construed to take their meanings and be restricted by preceding particular words." Our appellate courts have frequently held that in construing statutes a general word which follows particular and specific words of the same nature as itself takes its meaning from them, and is presumed to be restricted to the same genus as those words, or, in other words, as comprehending only things of the same kind as those designated by them, unless there is something to show that a wider sense was intended: City of Corry v. The Corry Chair Co., 18 Pa. Superior Ct. 271; Dalzell's Estate, 96 Pa. Superior Ct. 467, 472; Frederick's Estate, 333 Pa. 327, 331. It follows from the language of the Act of 1915, supra, and the rules of construction applicable thereto, that the expression "other claims" cannot be construed to include an easement or right of way.

It follows that there is no statute in Pennsylvania which requires that the damages to the owner of an easement or right of way must be determined in the condemnation proceedings instituted to determine the value of or the damages to a servient tenement. While it might be highly desirable that the compensation to which all interests might be entitled should be determined in the same proceeding, we cannot require or insist upon such a procedure in the absence of some statute which makes it mandatory.

And now, September 13, 1940, the rule heretofore granted to show cause why the appointment of viewers should not be vacated is hereby discharged.