### PORTER v. GARDNER.

(Court of Appeals of District of Columbia. Submitted on Petition for Writ of Prohibition December 5, 1921. Decided as to Writ January 3, 1922.)

#### No. 3724.

1. **Landlord and tenant** ⊜⇒278½, New, vol. 11A Key-No. Series—**Supersedeas authorized pending appeal from Rent Commission in case involving possession.**

    District of Columbia Rent Law (Act Oct. 22, 1919, as amended by Act Aug. 24, 1921) § 110, providing that, pending final decision on appeal from a determination of the Rent Commission, the determination shall be in full force and effect, and the appeal shall not operate as a supersedeas or stay, or postpone its enforcement, when construed with other provisions of that section and of sections 107 to 109, applies only to determinations as to questions of fair rent, and there may be a supersedeas pending appeals from determinations involving the right of possession, as where the owner seeks to recover possession as for her personal use and occupancy.

2. **Prohibition** ⊜⇒3(3)—**Lies to prevent exercise of jurisdiction by municipal court pending appeal from Rent Commission to Court of Appeals.**

    Pending appeal to the Court of Appeals from a determination of the Rent Commission in favor of the owner of leased premises, seeking to recover their possession as for her personal use and occupancy, on which a supersedeas bond has been filed and approved, the municipal court, in assuming jurisdiction of possessory proceedings by the owner, is acting beyond its power, and the Court of Appeals, in aid of its jurisdiction, will issue a writ of prohibition, and will not withhold such writ because, in the exercise of its discretion, it might grant a writ of error to the municipal court.

    Smyth, Chief Justice, dissenting.

Appeal from the Rent Commission of the District of Columbia.

Proceeding before the Rent Commission by Annie Gardner, owner, against Chester A. Porter, tenant. From a decision in favor of the owner, the tenant appeals. On petition for writ of prohibition. Writ granted.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Raymond M. Hudson, of Washington, D. C., for appellant
E. M. Hewlett, of Washington, D. C., for appellee.
Chapin Brown, of Washington, D. C., for Rent Commission.
F. H. Stephens and F. W. Hill, Jr., both of Washington, D. C., for
Municipal Court.

ROBB, Associate Justice. This is an application for a writ of pro-
hibition to a judge of the municipal court of the District of Columbia,
to prohibit the enforcement by him of a decision of the Rent Com-
mission, pending an appeal to this court from that decision.

Annie Gardner, as the bona fide owner of premises No. 614 R
Street, N. W., this city, duly served notice upon her tenant, Chester
A. Porter, that she necessarily required the premises for her personal
use and occupancy, and that of her family and dependents. The ten-
ant challenging her right to possession, the owner invoked the juris-
diction of the Rent Commission, and, the Commission deciding in favor
of the owner, the tenant duly noted an appeal to this court, and filed
a supersedeas bond approved by the Commission. Thereafter the
owner commenced possessory proceedings in the municipal court, but
the tenant, challenging the jurisdiction of that court, pending his ap-
peal to this court from the decision of the Rent Commission, peti-
tioned for this writ of prohibition.

[1] The "District of Columbia Rent Law" of October 22, 1919
(41 Stat. 297), as amended by the Act of August 24, 1921, empowers
the Rent Commission, upon complaint or its own initiative, to fix
rents for certain classes of property within this District. Section 107
of the act provides that "a determination of the Commission fixing a
fair and reasonable rent or charge made in a proceeding begun by
complaint shall be effective from the date of the filing of the com-
plaint," and that the difference between the amount of rent and charg-
es paid for the period between the filing of the complaint and the de-
termination of the Commission "may be added to or subtracted from,
as the case demands, future rent payments, or after the final decision
of an appeal from the Commission's determination may be sued for
and recovered in an action in the municipal court of the District of
Columbia." Section 108 provides for appeals to this court. In sec-
tion 109 it is provided that "the rights of the tenant under this title
shall be subject to the limitation that the bona fide owner of any rent-
al property, apartment, or hotel shall have the right to possession
thereof for actual and bona fide occupancy by himself, or his wife,
children, or dependents," etc., and that, if there is a dispute between
the owner and tenant as to the owner's right to possession, the mat-
ters in dispute shall be determined by the Commission. Section 110
provides as follows:

"Pending the final decision on appeal from a determination of the Commis-
sion, the Commission's determination shall be in full force and effect and the
appeal shall not operate as a supersedeas or in any manner stay or postpone
the enforcement of the determination appealed from. Immediately upon the
entry of a final decision on the appeal the Commission shall, if necessary,
modify its determination in order to make it conform to such decision. The
difference, if any, between the amount of rent and charges paid for the period

from the date of the filing by the Commission of the determination appealed from and the amount that would have been payable for such period under the determination as modified in accordance with the final decision on appeal may be added to or allowed on account of, as the case demands, future rent payments or may be sued for and recovered in an action in the municipal court in the District of Columbia."

The primary object of Congress in the enactment of this law was the regulation of rents. As said by the Supreme Court in Block v. Hirsh (April 18, 1921), 256 U. S. 135, 41 Sup. Ct. 458, 65 L. Ed. ——:

"While the act is in force there is little to decide, except whether the rent allowed is reasonable, and upon that question the courts are given the last word."

The provision as to the right of certain owners to possession is secondary and incidental to the main purpose of the act. Counsel for respondent in effect contend that the sentence in section 110 should be given a literal interpretation, without reference to other and, as we view them, controlling provisions of that and other sections of the act. Under well-recognized canons of construction, the act must be read as a complete and harmonious whole, to the end that each of its material provisions may be given the force and effect intended by Congress. In the first place, it is expressly provided that final decisions of the Commission shall be reviewable by this court, and it must be assumed that in making this provision Congress intended the judgments of this court to be effective. Yet, under the contention of counsel for respondent, the tenant, pending an appeal to this court on the question of the landlord's right to possession, may be proceeded against as indicated in the municipal court and dispossessed; our jurisdiction thereby being rendered futile and abortive. Obviously such an interpretation should not be placed upon the act, unless its provisions plainly compel it. Not only do we find nothing in the act compelling such a reductio ad absurdum, but, on the contrary, we find many provisions inconsistent therewith. Turning now to section 107, it may be noted that there is a provision deferring the right to bring suit in the municipal court, for the difference between the amount of rent paid for the period from the filing of the complaint to the date of the Commission's determination of the fair rent that should have been payable, until "after the final decision of an appeal from the Commission's determination." This provision is significant. In section 110, after the provision upon which counsel for respondent rely, it is made the duty of the Commission, immediately upon the entry of a final decision on the appeal to this court, to modify its determination to conform to our decision. Then follows the significant provision that the difference, if any, "between the amount of rent and charges" paid "and the amount that would have been payable" under the determination as modified, may be added to or allowed on account of future rent payments, "or may be sued for and recovered in an action in the municipal court in the District of Columbia." These provisions indicate, if they indicate anything, that the jurisdiction of the municipal court, which was to be invoked in this class of cases merely, for the purpose of executing final judgments, was to be sus-

pended until this court had finally determined the issues brought here. In other words, while that court is clothed with jurisdiction of the general subject-matter, it has no right or power to proceed in appealed cases until after the termination of the appeals. The provision in the first part of section 110 that an appeal shall not operate as a supersedeas was intended to cover, and therefore must be restricted to, determinations of the Commission as to fair rents, in connection with which it evidently was the view of Congress that no substantial injustice could result from a denial of a supersedeas. Nevertheless Congress was careful, even in such cases, to suspend jurisdiction in the municipal court until after final judgment in this court on appeal. Moreover, inasmuch as Congress, in the enactment of this law, has contemplated the protection of tenants, as indicated by the Supreme Court in the Block-Hirsh Case, an intent is not to be presumed to provide for appeals to this court in this class of cases, and, at the same time, to render such appeals abortive by clothing the municipal court with power to execute the decisions of the Rent Commission pending those appeals.

Reading the act as a whole, we are of the view, and therefore rule, that, pending final decision on appeals to this court from determinations of the Rent Commission as to questions of fair rent, there may be no supersedeas, but that, pending appeals to this court from determinations of the Commission involving the right of possession, supersedeas may be had under the rules of this court.

[2] It thus appears that the municipal court, by prematurely assuming jurisdiction, is acting beyond its power, and that, if allowed to proceed, it in effect will oust this court of jurisdiction. The power of this court, in aid of its jurisdiction, to issue the writ of prohibition, designed to keep inferior courts within the limits and bounds prescribed to them by law and issued in the exercise of sound judicial discretion according to particular circumstances, is established. In re MacFarland, 30 App. D. C. 365. It plainly appearing that the municipal court is proceeding beyond the limits and bounds prescribed, the writ should not be withheld merely because this court, in the exercise of its discretion, might grant a writ of error to the municipal court after an unnecessary proceeding there. That court having prematurely and mistakenly assumed jurisdiction in this case, it is to be presumed that it will do so in similar cases; the result being that, before a determination of the question in this court through writ of error to that court, many other tenants might be subjected to the same unnecessary trouble and expense through possessory proceedings in the municipal court. The circumstances, in our view, plainly require the issuance of the writ here.

In Deffer v. Kimball, 7 App. D. C. 499, alluded to by counsel for respondent, the relators, after a trial in the police court, where "they took their chances of acquittal on the facts of the case, and were convicted," the writ was withheld. The difference between that case and this is too plain to require further comment. In Holmead v. Barnard, 29 App. D. C. 431, it was not clearly shown that the court below was

exceeding its jurisdiction, and, moreover, it did appear that the petitioner had a more beneficial remedy by way of appeal. In re Dahlgren, 30 App. D. C. 588, there were no circumstances from which this court could say that the remedy by appeal, which was open to complainant, was inadequate.

The writ of prohibition will issue as prayed.

Application granted.

SMYTH, Chief Justice (dissenting). Assuming, without expressing any opinion upon the subject, that the decision of the Rent Commission was properly superseded, I think there is no warrant for the issuance of the writ of prohibition.

It has been repeatedly decided by the Supreme Court of the United States that, where a "court, whose action is sought to be prohibited, has clearly no jurisdiction of the cause originally, a party who has objected to the jurisdiction at the outset, and has no other remedy, is entitled to a writ of prohibition as a matter of right; but where there is another legal remedy, by appeal or otherwise, * * * the granting or refusal of the writ is discretionary." In re Huguely Manufacturing Co., 184 U. S. 297, 301, 22 Sup. Ct. 455, 456 (46 L. Ed. 549). That is, to state the question negatively, the writ never issues, except where the lower court is without jurisdiction, and not then if there is another remedy. To the same effect are Ex parte Hagar, 104 U. S. 520, 26 L. Ed. 816; Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; Ex parte Oklahoma, 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431; Ex parte Tiffany, 252 U. S. 32, 40 Sup. Ct. 239, 64 L. Ed. 443; Deffer v. Kimball, 7 App. D. C. 499; Morris v. Scott, 25 App. D. C. 88; Holmead v. Barnard, 29 App. D. C. 431; In re Dahlgren, 30 App. D. C. 588; In re MacFarland, 30 App. D. C. 365.

In the Dahlgren Case, Mr. Justice Robb, who spoke for the court, said:

"The court, having general jurisdiction over the subject-matter and over the parties, should be allowed to proceed to decision. In re New York & P. R. S. S. Co., 155 U. S. 523, 39 L. Ed. 246, 15 Sup. Ct. 183. Even assuming that the judgment of the court in the circumstances of the case will be void, it may nevertheless be corrected on appeal."

And he concluded thus:

"It appearing that the Supreme Court of the District, holding probate court, had general jurisdiction over the subject-matter of the controversy, and that, if error is committed, it may be corrected on appeal the writ of prohibition is denied."

Summarized, the reasons of the court for granting the writ in the pending case are: (a) That the lower court has prematurely assumed jurisdiction, I presume of the subject-matter, because there is no question about its jurisdiction of the parties; (b) that the writ should not be withheld merely because in the exercise of his discretion a justice of this court might grant a writ of error; and (c) because, if the trial court is permitted to proceed to judgment, our

jurisdiction of the appeal from the Rent Commission would be rendered futile and abortive. I take issue with all these.

(a) We have held recently in a number of cases that the municipal court continues to have jurisdiction of suits between landlords and tenants just as it had before the passage of the Ball Act, and can render judgment without regard to the decision of the Rent Commission, if no objection is made by the defendant to its proceeding; but, if objection is made, it must await the decision of the Rent Commission. Two of those cases are Killgore v. Zinkham, —— App. D. C. ——, 274 Fed. 140, and Smith v. Pyne, —— App. D. C. ——, 274 Fed. 142. In other words, that where the defendant insists upon it, the only evidence which the court can consider is the decision of the Commission, which is binding upon it. These cases establish clearly and beyond any possibility of controversy that the municipal court has jurisdiction of the subject-matter of the suit in question. Hence there is no authority for issuing the writ.

(b) If it be true that the decision of the Rent Commission has been properly superseded, then it would be error for the municipal court to receive it in evidence. If nevertheless it did receive it and rendered judgment of ouster upon it, thus committing error, an application could be made to a justice of this court for a writ of error, and the presumption is that the writ would be granted, because it would be his duty to grant it, and we must assume that he would perform his duty. Boley v. Griswold, 20 Wall. 486, 22 L. Ed. 375; Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. 210, 32 L. Ed. 589. It would require no more effort or expense—in fact, not as much—to make application for the writ of error than to apply for the writ of prohibition. No one justice may grant the latter writ, while the writ of error may be issued by any one of the three justices of this court.

(c) Finally, after the case on the writ of error had been docketed here, both it and the appeal from the decision of the Rent Commission would be subject to the control and discretion of the court. If the court should reverse the Rent Commission's decision, it could also reverse the decision of the municipal court, on the ground that it had committed error in giving effect to the Rent Commission's superseded decision. If, on the other hand, the decision of the Rent Commission is sustained, the judgment of the municipal court would also be sustained. This demonstrates that the lower court, by proceeding to judgment, would not render futile our decision in the Rent Commission appeal.

The course just indicated would be in harmony with the firmly established law with respect to the writ of prohibition, while the decision of the court, as I view it, disregards that law.

Therefore I dissent.