UNITED STATES ex rel. DENHOLM & McKAY CO. v. UNITED STATES BOARD OF TAX APPEALS.

No. 7817.

United States Court of Appeals for the District of Columbia.

Decided Feb. 9, 1942.

Mr. Howe P. Cochran, with whom Miss Margaret F. Luers, both of Washington, D. C., was on the brief, for appellant.

Mr. Lee A. Jackson, Special Assistant to the Attorney General, with whom Assistant Attorney General Clark and Messrs. J. Louis Monarch, Special Assistant to the Attorney General, and Edward M. Curran, United States Attorney, of Washington, D. C., were on the brief, and Mr. Sewall Key, Special Assistant to the Attorney General, entered an appearance, for appellee.

Before GRONER, Chief Justice and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

The relator, appellant here, prayed for a writ of prohibition in the District Court directed to the Board of Tax Appeals, to prevent the Board from issuing a new order based upon a new opinion [1] which reverses a previous decision in appellant's favor.[2] Appellant concludes that the writ can be granted because it believes that the Board clearly has lost jurisdiction of its case. The District Court, however, granted the Board's motion to dismiss.

The complaint states: Appellant received a deficiency notice. It appealed to the Board. The Commissioner answered. Whereupon appellant filed an amended petition claiming, inter alia, a refund. After the Commissioner and appellant submitted the case to the Board upon stipulation, the Board handed down its opinion deciding all issues in favor of appellant. On July 24, 1939, the Board entered its order which included an allowance of a refund in accordance with its opinion. The Commissioner, over 30 days later but within three months, moved that the Board set aside its decision.[3] The Board on April 4, 1940, attempted to vacate its decision, and now

---

[1] Denholm and McKay Co. v. Com'r of Internal Revenue, 41 B.T.A. 986.

[2] Denholm and McKay Co. v. Com'r of Internal Revenue, 39 B.T.A. 767.

[3] Rule 19 of the Board reads in part,

"Motions to vacate, correct, or revise a decision of the Board, to be considered timely, shall be made within 30 days after entry of the decision."

threatens to issue a new order disallowing the refund.[4]

■ The writ of prohibition is a special form of relief. The common nomenclature is that it is one of the extraordinary writs. It is easy to feel an aura about the meaning of extraordinary that results in there being no extraordinary situations. Nonetheless as a special form of relief the discretion of the issuing court will prevent the writ's use when there is another adequate remedy.[5] Adequate has a more flexible meaning than extraordinary. Sometimes all forms of judicial relief seem inadequate. Sometimes if there is any possible relief it is considered adequate.

This particular extraordinary writ was developed and has probably been used chiefly by courts to keep courts of limited jurisdiction within their "charters".[6] The issuance of the writ directed toward an administrative tribunal for lack of jurisdiction, however, is by no means unknown.[7]

■ In seeking a writ of prohibition, the lack of authority of the body against which the writ is to be directed must be clearly shown.[8] It is highly doubtful that upon the instant complaint we could so conclude.

■ Our holding, affirming the District Court's dismissal, is based upon a more vital proposition. It must always be stressed that the use of special writs to review or supervise the action of "quasi-judicial" administrative bodies had its origin and main application in the days of the stone age of administrative law. Now when there are regularized forms of appeal most questions, usually including those of jurisdiction, are passed upon in the first instance by the administrative tribunal and judicial review comes in orderly fashion upon a complete record.

There is a well known and often used form of statutory appeal from the Board of Tax Appeals to the Circuit Courts of Appeals.[9] This review extends to all decisions of the Board, and is certainly complete upon all questions of law.[10] It is possible that the use of the statutory appeal after entry of the Board's order may be costlier in effort and money than if the issue of jurisdiction were settled now. But the statutory appeal is certainly adequate as the law knows the term.

The statutory appeal is not only adequate, and hence one of the critical bases for the writ of prohibition falls, but also Congress has directed that the Circuit Courts of Appeals and this court "shall have *exclusive jurisdiction* to review the decisions of the Board"[11] (ital. supplied), and at the same time sets up the mode of appeal.[12] In this case, under these statutory provisions, there can be no reason whatsoever for entertaining the petition for a writ of prohibition.

We see no merit in appellant's argument that the decision of the Board where it has lost jurisdiction is so void that a court cannot review it under the statutory provision. Lack of jurisdiction to make an order is an issue which is reviewed in many cases.

Affirmed.

---

[4] Section 1140 of the Internal Revenue Code provides that decisions of the Board are to become final at the expiration of the period for filing a petition for review, if, of course, none is filed. 26 U.S.C.A. Int.Rev.Code, § 1140(a). That period is three months. 26 U.S.C.A. Int.Rev.Code, § 1142.

[5] United States ex rel. Lang Body Co. v. Board of Tax Appeals, 58 App.D.C. 237, 29 F.2d 437; Smith v. Higgins (In re John Thomas Smith), 2 Cir., 102 F. 2d 456, 4 Prentice-Hall Tax Service (1940) ¶ 62,757; Ex parte Jones, 160 S. C. 63, 158 S.E. 134, 77 A.L.R. 245, 247. Compare, United States Board of Tax Appeals v. United States ex rel. McCandless, 58 App.D.C. 222, 26 F.2d 1000 (prayer for mandamus).

High, Extraordinary Legal Remedies (3rd ed. 1896) c. xxi, particularly §§ 764a, 770, 771, 771a; Hughes and Brown, The Writ of Prohibition (1938) 26 Geo.L.J. 831; Gellhorn, Administrative Law (1940) p. 798.

[6] Hughes and Brown, The Writ of Prohibition (1938) 26 Geo.L.J. 831; 1 Holdsworth, History of English Law (6th ed. rev. 1938) p. 228-9; Freund, Administrative Powers over Persons and Property (1928) p. 240; Ex parte Jones, 160 S.C. 63, 158 S.E. 134, 77 A.L.R. 245. See Porter v. Gardner, 51 App.D.C. 154, 277 F. 556.

[7] High, Extraordinary Legal Remedies (3rd ed. 1896) c. xxi, for example, § 764a; Gellhorn, Administrative Law (1940) p. 798.

[8] High, ibid. and id. at § 765; Gellhorn, ibid.

[9] 26 U.S.C.A. Int.Rev.Code, § 1142.

[10] Id. at § 1141(c) (1).

[11] Id. at § 1141(a).

[12] Id. at §§ 1140, 1141, 1142.