**UNITED STATES ex rel. NORRIS v. FORBES, Director of the Bureau of War Risk Insurance, et al.**

(Court of Appeals of District of Columbia. Submitted January 3, 1922. Decided February 6, 1922.)

No. 3702.

1. **Mandamus ⬤⇒3 (8)—Statutory remedy under War Risk Insurance Act is exclusive.**

    The provision of Act of May 20, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), that in the event of disagreement between the war risk insurance bureau and any beneficiary, an action may be brought against the United States in the District Court of the United States, is the exclusive remedy of a beneficiary of war risk insurance and prevents mandamus by a foster father to compel the payment of the insurance to him on the ground that the estate of insured was designated as beneficiary only because the foster father could not be prior to the amendment of the statute, since relator cannot deny that he is a beneficiary within the remedial act without denying his right to relief.

2. **United States ⬤⇒125—United States can be sued for war risk insurance only in manner indicated by consent.**

    A suit to enforce a claim for war risk insurance is one against the United States which cannot be maintained without its consent, and, where it has consented to be sued in a particular manner, the suit so permitted is the exclusive remedy.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States of America, on the relation of John F. Norris, against Charles R. Forbes, Director of the Bureau of War Risk Insurance, and another. Rule to show cause discharged, and petition dismissed after relator elected to stand on his demurrer to the return and relator appeals. Affirmed.

Richard P. Evans, of Washington, D. C., for appellant.

Peyton Gordon and Letitia H. Wardwell, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. Relator filed a petition against the Director of the Bureau of War Risk Insurance and the Secretary of the Treasury in which he asked for a mandamus directing them to pay to him, as the foster father of one William Ricketts, a soldier, who died as the result of wounds received in line of duty during the late war, $10,000, the amount of insurance on the life of Ricketts called for by a contract made in accordance with the Act of Congress of October 6, 1917, as amended July 11, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 514k–514vv) and December 24, 1919, c. 16, 41 Stat. 371. A rule to show cause went out, and the defendants made a return thereto. Relator demurred to the return. The demurrer was overruled, and, the relator having elected to stand on it, the rule was discharged and the petition dismissed. Relator appeals.

The soldier, at the time of his death, was a resident of Maryland. The relator is also a resident of that state. He claims that he received Ricketts into his family when the latter was but four years old and

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

raised him as his own child; that during his whole life he stood in loco parentis to him. Ricketts, because of the condition of the law at the time, so it is alleged, made his estate his beneficiary in the contract of insurance. After the death of Ricketts Congress, by the act of December 24, 1919, amended the War Risk Insurance Act so as to provide that the term "father" in the statute should include a father by adoption "and persons who have stood in loco parentis to a member of the military  *. *  *  forces," etc. Relator claims that under this amendment he is entitled to the insurance. Defendants deny it. A disagreement exists, therefore, between the defendants, representing the Bureau of War Risk Insurance, and the person claiming to be the beneficiary under the policy.

[1] By the Act of May 20, 1918, § 1 (40 Stat. 555; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), it is provided:

"That in the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides. * * *"

Relator cannot deny that he is a beneficiary, for that is the basis on which he asks relief; consequently, the statute applies. It is a familiar rule, which the courts apply, that where a statute provides a remedy, it is exclusive. Dimmick v. Delaware, Lackawanna, etc., Railroad Co., 180 Pa. 468, 36 Atl. 866; Curran v. Delano, 235 Pa. 478, 84 Atl. 452; Janney v. Buell, 55 Ala. 408; State of North Dakota ex rel. William Lemke v. Chicago, etc., Ry. Co., 257 U. S. ——, 42 Sup. Ct. 170, 66 L. Ed. ——.

[2] Moreover, the debtor under the contract of insurance is the United States, which cannot be sued without its consent. Stanley v. Schwalby, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. Ed. 960; United States v. McLemore, 4 How. 286, 11 L. Ed. 977; The Davis, 10 Wall. 15, 19 L. Ed. 875. And when it consents it can prescribe the terms upon which it may be sued. Nichols v. United States, 7 Wall. 122, 19 L. Ed. 125; United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171; Finn v. United States, 123 U. S. 227, 8 Sup. Ct. 82, 31 L. Ed. 128. With respect to the contract here involved it has given its consent to be sued and named the court in which the action may be brought. The inevitable conclusion is that relator's only remedy lies in an action against the United States in the District Court of the United States for the district in which he resides.

The judgment of the lower court is affirmed, the costs to be assessed against the appellant.

Affirmed.