## UNITED STATES v. LYKE.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1927.

As Modified August 1, 1927.

No. 5036.

1. **Army and navy** �köö51½—**Interest on past-due payments under contract of war risk insurance cannot be recovered.**

In action against United States on contract of war risk insurance, interest on payments past due cannot be allowed against defendant, since, in absence of stipulation to pay interest or statute allowing it, none can be recovered against United States on unpaid accounts or claims.

2. **Army and navy** ⊙ꝯ51½—**Plaintiff held not entitled to refund of war risk insurance premiums paid after disability, In view of pleading.**

In action on contract of war risk insurance, plaintiff *held* not entitled to refund of premiums paid after disability, where complaint contained no allegation on which such recovery could be based.

3. **Army and navy** ⊙ꝯ51½—**Federal court held without jurisdiction to adjudicate claim for refund of war risk insurance premiums, unless claim has been denied by director or Veterans' Bureau.**

United States District Court has no jurisdiction to adjudicate claim for refund of premiums paid under contract of war risk insurance, where such claim has not been denied by director or United States Veterans' Bureau.

4. **Army and Navy** ⊙ꝯ51½—**District Court held unauthorized to render judgment for payment of future installments on contract of war risk insurance (Comp. St. § 9127½—500).**

In action on contract of war risk insurance, District Court *held* not authorized to enter judgment for payments of installments to be made in future, notwithstanding Act March 4, 1925, § 17 (Comp. St. § 9127½—500), empowering court to determine reasonable attorney's fee for successful party and appor-

tion payment by claimant from payments made under judgment.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Ralph A. Lyke against the United States. Judgment for plaintiff, and the United States brings error. Reversed in part, and affirmed in part.

George R. Hill, Asst. U. S. Atty., of Phœnix, Ariz., and Lawrence A. Lawlor, of Washington, D. C., for the United States.

J. Andrew West, of Prescott, Ariz., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. In an action on a contract of war risk insurance, which provided that the insured was to receive, in case of total and permanent disability, installments of $57.50 per month for 240 months, the court below found that the insured became totally and permanently disabled on September 1, 1922, and that thereafter, in consequence of the refusal of the Veterans' Bureau to give him the rating to which he was entitled, he paid insurance premiums in the amount of $345.30. As a conclusion of law the court held that the insured was entitled to monthly payments of $57.50, beginning September 1, 1922, and continuing thereafter for 240 months, with interest on the payments past due at 6 per cent. per annum, and was entitled also to a refund of all insurance premiums paid on said policy after September 1, 1922, amounting to $345.30, and for costs at $10. Judgment was accordingly entered for the recovery of installments, premiums, and interest in the sum of $3,169.50, and it was further adjudged that the insured be paid the sum of $57.50 on the 1st day of each month thereafter for a period of 191 months, provided that, upon a proper showing to the court of a change of conditions affecting the liability of the plaintiff in error to continue said payments, the judgment would be modified accordingly, and provision was made in the judgment for the payment of 10 per cent. to the attorney of the insured out of the installments then due and thereafter to become due.

[1] It is assigned as error that, whereas, but $2,760 was owing to the insured, judgment was rendered for $3,169.50, there having been added to the installments then due interest and the sum of $345.30, representing premiums paid by the insured after the date of his permanent and total disability. We are of the opinion that interest was not allowable. It is a settled rule that, in the absence of a stipulation to pay interest, or a statute allowing it, none can be recovered against the United States upon unpaid accounts or claims. United States v. Rogers, 255 U. S. 163, 169, 41 S. Ct. 281, 65 L. Ed. 566; United States v. North American Transportation & Trading Co., 253 U. S. 330, 40 S. Ct. 518, 64 L. Ed. 935.

The defendant in error cites Standard Oil Co. v. United States, 267 U. S. 76, 45 S. Ct. 211, 69 L. Ed. 519, as authorizing a judgment for interest. Interest was there allowed on a marine insurance policy, on the ground that the United States had gone into the insurance business and had accepted the ordinary incidents of suits in such cases. The reasoning on which that conclusion was reached does not apply to the present case. The war risk insurance contract for the soldier is not a business contract. It partakes of the nature of both insurance and pension. It is a "relation of benevolence, established by the government at considerable cost to itself, for the soldier's good." White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530; Bean v. United States (D. C.) 7 F.(2d) 393, 396.

[2, 3] We find no ground for holding that it was the intention of Congress, in providing for such insurance, to abrogate the established rule against the allowance of interest on claims against the United States. Nor do we think that the sums paid as premiums by the insured were recoverable. In the first place, the complaint contains no allegation upon which such recovery could be based; in the second place, the court below has jurisdiction to adjudicate a claim under a contract of war risk insurance only where the claim has been denied by the director or by the United States Veterans' Bureau. Gallardo v. United States (D. C.) 5 F.(2d) 678; Armstrong v. United States (C. C. A.) 16 F.(2d) 387. The claim here had never been presented to the bureau.

[4] It is assigned as error that judgment was rendered for the payment of future installments on the contract. We cannot agree that the amendment of March 4, 1925 (43 Stat. 1311 [Comp. St. § 9127½—500]), which empowers the trial court to determine a reasonable attorney's fee for the successful party and apportion the same, to be paid by the claimant out of the payments to be made under the judgment, authorizes by implication the entry of judgment for payments of installments to be made in futuro. The

purpose of that amendment was obviously to authorize the court to determine the right of the attorney to his fee, and to apportion the burden of it to the payments due at the time of judgment and the payments to be made thereafter.

The decision in United States v. Konstovich (C. C. A.) 17 F.(2d) 84, cited by the defendant in error, goes no further than to recognize the existence of that power. We think it clear that the trial court could not render a binding judgment for payment of future installments on the contract of insurance. Napoleon v. United States (C. C. A.) 296 F. 811. While we are not convinced that such portion of the entry is the entry of a judgment enforceable as such, or is other than the expression of the court's construction of the contract, resulting in the conclusion that the insured should be entitled to receive future installments as they fall due, unless upon proper showing a modified judgment should thereafter be entered, we think it should be eliminated from the judgment.

The judgment, so far as it includes interest and the repayment of premiums to the insured, and the payment of future installments, and the allowance of costs against the defendant in the sum of $10 is reversed; in other respects, it is affirmed.