## UNITED STATES ex rel. FINLEY v. HINES, Director of Veterans' Bureau.

Court of Appeals of District of Columbia.

Submitted March 6, 1928.   Decided April 2, 1928.

Petition for Rehearing Denied April 21, 1928.

No. 4668.

1. **Army and navy** ⟜51½—**Privileges under War Risk Insurance Act are subject to Veterans' Bureau Director's discretion to set aside his or his predecessor's orders (War Risk Insurance Act Oct. 6, 1917, as amended by Act Aug. 9, 1921 [Comp. St. § 514rrrr]).**

Privileges accorded under War Risk Insurance Act Oct. 6, 1917, 40 Stat. 398, 407, as amended by Act Aug. 9, 1921, 42 Stat. 154 (Comp. St. § 514rrrr), are in nature of gratuity, subject to discretion of Director of Veterans' Bureau to reconsider, set aside, or vacate his or his predecessor's orders, when error or irregularity is apparent in his judgment.

2. **Mandamus** ⟜73(1)—**Veterans' Bureau Director's jurisdiction to set aside his or his predecessor's war risk insurance orders is not controllable by mandamus (War Risk Insurance Act Oct. 6, 1917, as amended by Act Aug. 9, 1921 [Comp. St. § 514rrrr]).**

Jurisdiction conferred on Director of Veterans' Bureau by War Risk Insurance Act Oct. 6, 1917, 40 Stat. 398, 407, as amended by Act Aug. 9, 1921, 42 Stat. 154 (Comp. St. § 514rrrr), to reconsider, set aside or vacate his own or his predecessor's orders whenever error or irregularity is apparent in his judgment, is not subject to control by mandamus.

Appeal from the Supreme Court of the District of Columbia.

Petition by the United States, on the relation of Sadie Holmes Finley, for a writ of mandamus to compel Frank T. Hines, Director of the Veterans' Bureau, to pay relator installments due on a war risk insurance certificate. Judgment for defendant, and plaintiff appeals. Affirmed.

W. G. Gardiner and South Trimble, Jr., both of Washington, D. C., for appellant.

Peyton Gordon, L. A. Rover, and Wm. Wolff Smith, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Sadie Holmes Finley, filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to compel defendant, Gen. Frank T. Hines, as Director of the Veterans' Bureau, to pay to her installments alleged to be due upon a war risk certificate of insurance.

It appears that Harold Finley, husband of appellant, while serving as an officer in the United States army, applied on February 2, 1918, to the Bureau of War Risk Insurance for insurance in the sum of $10,000 under the provisions of the Act of Congress of October 6, 1917, 40 Stat. 398 (Comp. St. § 514a et seq.). A certificate was duly issued, on which the insured paid premiums until March, 1920, when he requested the Director to discontinue his term insurance in order that he might apply to the Bureau for endowment insurance. The certificate remained discontinued until April, 1922, when the insured made application to Col. Charles R. Forbes, Director of the Veterans' Bureau, for reinstatement of his insurance and for payments claimed to be due under the provisions of the certificate, on the ground that permanent and total disability had existed prior to his request for the discontinuance of the insurance certificate. Upon investigation and consideration, Director Forbes found that the insured had been permanently and totally disabled since December 1, 1919. In accordance with this finding, the Director reinstated the insured in April, 1922, as of December 1, 1919, finding that he was entitled to the full security and benefit under his certificate of insurance. The finding of the Director was not reviewed or reversed by the President of the United States.

Under this reinstatement the insured was paid at the rate of $57.50 per month from December 1, 1919, until the date of his death, April 26, 1922, when appellant, widow of the insured and designated beneficiary under the contract, was paid the insurance installments until the month of July, 1923,

when appellee, Gen. Hines, as successor in office of Col. Forbes, refused to make further payment to the appellant. Defendant, in a return to the rule to show cause, answered plaintiff's petition, to which plaintiff demurred. The court overruled the demurrer, and, plaintiff electing to stand thereon, judgment was entered, from which this appeal was taken.

It is contended by counsel for plaintiff that, inasmuch as Director Forbes had entered an order reinstating the insured to the benefits of the certificate, and the certificate having matured, no legal power resided in Director Hines to cancel it and refuse further payment thereunder. It is also urged that the answer fails to set forth facts sufficient to impeach the validity of the award or to justify its cancellation. Fraud is not alleged or shown.

Defendant, in his answer to the petition, sets forth that the insured's army medical record discloses that from September 25 to September 30, 1918, he had been treated for influenza; that thereafter, until October 11, 1921, he had been treated for ulcer of the stomach; that on October 16, 1921, he was admitted to Walter Reed Hospital, where his trouble was diagnosed as carcinoma, the cardiac end of the stomach; that his true condition was not discovered until an operation was performed November 8, 1921; that the insured was on active duty at the time his insurance was canceled, and remained on active duty until September 29, 1921; that he followed a substantially gainful occupation from March 16, 1920, to September 20, 1921; and that "additional evidence secured by the respondent for the review of this case also consists of the affidavits and statements of medical experts, and the clinical records of the station hospital at Camp Grant, Ill., showing his admission to the said hospital September, 1921, and the history of his previous illness in September, 1920."

It is contended by counsel for petitioner that the reinstatement and award made by Director Forbes was final, and could not be vacated by his successor in office, upon the facts set forth in the answer. This is a harsh case. On the face of the record, the award and reinstatement seem to be justified, since it is apparent that the treatment of the insured for ulcer of the stomach was due to mistaken diagnosis; the actual trouble being the slow development of cancer. The mere fact that the insured, under these circumstances, whether suffering from ulcer or development of cancer, continued to work for the support of his family during this pe-

25 F.(2d)—35

riod, would hardly justify the strict construction that he was not in fact in a disabled condition for actual service. It would likewise seem, by the application of established principles of law, that the proceeding here is grounded upon a contract of insurance, subject to the construction that the adjustment of Director Forbes was of such finality as to deprive his successor of jurisdiction to review or vacate it. In that event a question of jurisdiction, unless limited by the terms of the War Risk Act, would be presented, which would justify the intervention of mandamus.

This brings us to the consideration of the character of jurisdiction conferred upon the Director under the War Risk Insurance Act. Section 2 of the act, as amended August 9, 1921, 42 Stat. 148 (Comp. St. § 967¼aa), provides: "The Director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this act, and for that purpose shall have full power and authority to make rules and regulations not inconsistent with the provisions of this act, which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this act, except as otherwise provided herein."

The original War Risk Insurance Act of 1917, 40 Stat. 398, 407, as amended by the Act of August 9, 1921, 42 Stat. 154 (Comp. St. § 514rrrr), provides as follows: "Upon its own motion or upon application the Bureau may at any time review an award, and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded, or, if compensation is increased, or, if compensation has been refused, reduced or discontinued, may award compensation in proportion to the degree of disability sustained as of the date such degree of disability began, but not earlier than the date of discharge or resignation."

In Silberschein v. United States, 266 U. S. 221, 223, 45 S. Ct. 69, 70 (69 L. Ed. 256), the court, interpreting the scope of this provision of the statute, said: "An examination of the original act and the various amendatory acts fails to disclose, so far as this question is concerned, any exception to or limitation upon the authority of the Director. There is no provision therein expressly granting the right to maintain any suit against the United States in respect of claims for such compensation. The original act of 1917 and subsequent amendatory acts conferred upon the Bureau the authority to revise an award at any time, in accordance

with the facts found, and to end, diminish, or increase compensation previously awarded. * * * The statute, which creates the asserted right, commits to the Director of the Bureau the duty and authority of administering its provisions and deciding all questions arising under it; and in the light of the prior decisions of this court we must hold that his decision of such questions is final and conclusive, and not subject to judicial review, at least unless the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious."

[1, 2] The present case, however, is completely removed from the domain of mandamus by the later decision in White v. United States, 270 U. S. 175, 180, 46 S. Ct. 274, 275 (70 L. Ed. 530), where Mr. Justice Holmes, speaking for the court, said: "The insurance was a contract, to be sure, for which a premium was paid, but it was not one entered into by the United States for gain. All soldiers were given a right to it and the relation of the government to them, if not paternal, was at least avuncular. It was a relation of benevolence established by the government at considerable cost to itself for the soldier's good." From this it will be observed that the privileges accorded under the War Risk Insurance Act are to be regarded in the nature of a gratuity, and by the express terms of the statute are subject to the discretion of the Director of the Bureau to reconsider, set aside, or vacate, either his own orders or the orders of his predecessor in office, whenever error or illegality is, in his judgment, apparent. It follows that the jurisdiction thus conferred upon the Director is closely analogous to that of the Commissioner of Pensions, and is not subject to control by mandamus. Lochren v. United States ex rel. Long, 6 App. D. C. 486.

Director Hines in his answer further challenges the jurisdiction of mandamus on the ground that, "a dispute having arisen herein as to the question of the beginning of the permanent and total disability of the deceased, petitioner has a plain, complete, and adequate remedy at law by filing suit on said insurance contract."

Section 2 of the Act of Congress of March 4, 1925, 43 Stat. 1302, amendatory of the Act of June 7, 1924 (38 USCA § 445), provides as follows: "In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court

of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies." The act then provides for the procedure to be followed and extends the jurisdiction to all persons claiming an interest in the insurance. This statute was enacted subsequent to the decision in the Silberschein Case.

Without stopping to discuss the right of the plaintiff to still assert her claim in court, and have the date of disability of the insured ascertained and adjudicated, or whether by the present procedure this right would be deemed to have been waived, it would seem that a full and complete remedy at law is afforded, which, in the absence of the conclusive statutory limitations heretofore considered, would be sufficient in itself to bar the remedy here invoked.

The judgment is affirmed, with costs.