## UNITED STATES BOARD OF TAX APPEALS v. UNITED STATES ex rel. McCANDLESS.

Court of Appeals of District of Columbia.

Submitted May 8, 1928.    Decided June 4, 1928.

No. 4714.

1. Mandamus ⬅➡3(4)—Error of Board of Tax Appeals in reversing decision of division after 30 days held not correctable by mandamus (26 USCA §§ 156, 1217).

Error of Board of Tax Appeals in reversing decision of divsion thereof after expiration of 30 days, in violation of Act June 2, 1924, § 900 (f), 26 USCA § 1217, Comp. St. § 6371⅝b (f), even though jurisdictional, cannot be corrected by mandamus, there being adequate remedy at law under Act March 4, 1923, 26 USCA § 156, Comp. St. § 5949, authorizing payment of tax with right to sue to recover it back.

2. Mandamus ⬅➡3(2)—Mandamus cannot be invoked, where there is adequate remedy at law.

The extraordinary writ of mandamus cannot be invoked in action where there exists an adequate remedy at law.

3. Mandamus ⬅➡3(2)—Taxpayer's failure to pay tax and sue for recovery until right is barred is not ground for invoking mandamus (26 USCA § 156).

Failure of taxpayer to pay tax and sue to recover it back under 26 USCA § 156, Comp. St. § 5949, until right thereto is barred by limitation, cannot be made a ground for invoking extraordinary writ of mandamus.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on the relation of James S. McCandless, against the United States Board of Tax Appeals. Judgment granting the writ, and respondent appeals. Reversed.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for appellant.

T. L. Jeffords and E. C. Dutton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, James S. McCandless, instituted a proceeding in the Supreme Court of the District of Columbia against the United States Board of Tax Appeals, praying "that a writ of mandamus issue in this cause, directed to the respondent, requiring it to strike from the records its purported decision of April 23, 1926, and enter of record, as the findings of fact and decision of said board, that of division No. 3 filed November 27, 1925."

It appears that plaintiff, a citizen of the United States and a resident of the territory of Hawaii, appealed from a decision of the Commissioner of Internal Revenue, denying him a deduction of a loss from his income tax return for the calendar year 1921. The case was assigned to division No. 3 of the Board for hearing. The appeal was heard, and on November 26, 1925, the division entered a decision sustaining plaintiff's contentions, reversing the decision of the Commissioner. Thereafter, on January 13, 1926, the case was taken up by the entire Board, and a decision was entered on April 23, 1926, reversing the decision of division No. 3 and sustaining the action of the Commissioner.

The court below entered a judgment granting the writ of mandamus, requiring the board to strike from the records its decision of April 23, 1926, and to enter of record the decision of division No. 3 of November 27, 1925. From the judgment this appeal was taken.

The Board of Tax Appeals was established by the Revenue Act of June 2, 1924, 43 Stat. 253. By subsection (d) of section 900 of the act (26 USCA § 1215; Comp. St. § 6371⅝b (d), it is required to elect one of its members to act as chairman of the Board. Subsection (f) of section 900 provides:

"The chairman may from time to time divide the Board into divisions and assign the members thereto, and designate a chief thereof. If a division, as a result of a vacancy or the absence or inability of a member assigned thereto to serve thereon, is composed of less than three members, the chairman may assign other members thereto, or he may direct the division to proceed with the transaction of business.

A division shall hear and determine appeals filed with the Board and assigned to such division by the chairman. Upon the expiration of 30 days after a decision by a division, such decision, and the findings of fact made in connection therewith, shall become the final decision and findings of the Board, unless within such period the chairman has directed that such decision shall be reviewed by the Board." 26 USCA § 1217; Comp. St. 6371⅝b (f).

[1, 2] In the present case the appeal was assigned by the chairman to division No. 3 consisting of three members of the Board. Hearings were had and a decision rendered November 27, 1925. After the 30-day period had expired when the decision of the division is by statute made final, the case was taken up by the Board and its decision reversed. On this statement of fact, we think it unnecessary to enter into a discussion of the power of the Board in this case to review the decision of division No. 3, since, if an error was committed, even though jurisdictional, it cannot be corrected in this proceeding. It is elemental that the extraordinary writ of mandamus cannot be invoked in an action where there exists an adequate remedy at law. In other words, the nonexistence of another remedy is a condition precedent to the issuance of the writ.

By the Act of Congress of March 4, 1923, 42 Stat. 1504, the complainant is given the right to pay the tax and sue to recover it back. This was held in Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965, to constitute such a complete and adequate remedy as to bar the right of injunction to restrain the collection of an alleged illegal tax. In that case the court said: "It is certain that by the amendments to section 252 and section 3226, Rev. Stat., by the Act of March 4, 1923, * * * [42 Stat. 1504 (Comp. St. § 6336⅛uu; 26 USCA § 156, Comp. St. § 5949)], the complainant is given

the right now to pay the tax, and sue to recover it back, and in such a suit to raise the questions as to the value of the stock and the amount of the resulting tax and also as to the bar of time against the assessment which he attempted to raise in the bill."

In that case the taxpayer sought to enjoin a collector of internal revenue from collecting a tax assessed against him by the Commissioner of Internal Revenue, but the court held that his remedy was to pay the tax and bring suit in the proper court for a return. By this remedy full protection is thrown around the taxpayer, in that he may bring an action to recover the tax paid, either in the proper District Court of the United States or in the Court of Claims, and in that action all questions may be raised bearing on the validity or the invalidity of the assessment. While it may appear unjust that the taxpayer, in order to avail himself of his remedy in the courts, must suffer the inconvenience of first paying the alleged unjust tax, yet the remedy has been upheld.

Supporting the almost unlimited power of Congress to impose the conditions on which the citizen may defend against an unjust or illegal tax, the court in the Du Pont Case said: "In Snyder v. Marks, 109 U. S. 189, 193, 3 S. Ct. 157, 27 L. Ed. 901, it was said that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures not judicial, to collect them, with appeals to specified tribunals and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues."

[3] The remedy thus accorded is so completely established and has been so frequently upheld by the courts that no question remains as to its adequacy in furnishing relief to the taxpayer. Neither is it necessary for us to consider any question of limitation, since, if the taxpayer has permitted his right to be barred by limitation, the fault is his, and not that of the government. Neither can his failure be made a ground for invoking the extraordinary writ of mandamus.

The judgment is reversed, with costs.