## UNITED STATES ex rel. WILKINSON v. HINES.

### No. 6165.

United States Court of Appeals for the District of Columbia.

Argued Oct. 1, 1934.

Decided Oct. 29, 1934.

William Wolff Smith, of Washington, D. C., for appellants.

Leslie C. Garnett, U. S. Atty., John J. Wilson, Asst. U. S. Atty., and James T. Brady, Acting Sol., Veterans' Administration, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant Thaddeus R. Wilkinson, as petitioner, brought this case in the lower court for a writ of mandamus to compel appellee, as administrator of veterans' affairs, to pay to appellant certain permanent and total disability benefits accrued, as alleged, under a

contract with the United States for yearly renewable war risk term insurance.

In his petition appellant alleged in substance that on June 5, 1916, he enlisted in the military service of the United States and served therein until February 5, 1919; that while in the service he entered into a contract with the United States for yearly renewable term insurance as provided by statute (War Risk Insurance Act 1917, 40 Stat. 398, as amended); that by the terms of the contract the United States, in return for premiums to be deducted by it from the monthly pay of appellant, promised and agreed, among other things, to pay him the sum of $43.12 per month, should appellant become permanently and totally disabled while the insurance contract remained in force; that thereafter the premiums were regularly deducted from the pay of appellant and the contract was in full force and effect on February 5, 1919, when appellant was discharged from the service; that appellant then claimed that by reason of diseases and wounds sustained by him while in the service he had been permanently and totally disabled from the date of his discharge from the service, and was entitled from that date to the benefits assured to him under the contract; but that appellee denied appellant's claim of total disability and refused to pay such benefits to appellant; that appellant thereupon instituted a suit against the United States in the District Court of the United States for the Western District of Tennessee, Western Division, to recover the benefits as claimed by him upon the contract of insurance; that the United States filed its answer in the case denying that appellant had become or was permanently and totally disabled while his contract of insurance was in force; whereupon a trial was had and judgment was entered on December 10, 1931, against appellee, wherein it was ordered and adjudged by the court as follows, to wit:

"It is therefore ordered, adjudged, and decreed by the court that judgment be entered against the defendant in favor of the plaintiff, Thaddeus R. Wilkinson, in the sum of $43.12½ per month from the date of his discharge from the United States Army which was on February 5, 1919, up to and including the last anniversary date next preceding filing of suit in this cause and such further installments thereafter accruing by reason of this judgment as provided by law."

It was further ordered by the court that 10 per cent. of the recovery of past due installments thus decreed should be paid to George J. Coleman (also an appellant herein), as attorney for appellant Wilkinson, to be deducted from the amount of the recovery, and also 10 per cent. of all future installments that might thereafter be paid by reason of the judgment as provided by law, which sums were to be paid directly to Mr. Coleman as his reasonable attorney's fee for services rendered in the cause. That the foregoing judgment was never reversed or modified, and a certified copy thereof was filed with the appellee; that thereupon appellee made an award to appellant in the amount claimed from the date of said judgment until May, 1933, and monthly payments accordingly were made to appellant; but that since that date appellee, arbitrarily and capriciously and without evidence to support his decision, and beyond the scope of his authority, has deprived appellant of his right under the existing contract and judgment of the court, by failing and refusing to pay said award to appellant, in disregard of the statute and in violation of the Fifth Amendment to the Constitution of the United States. Wherefore appellant prayed for a writ of mandamus to compel appellee to pay the awards alleged to be due to him as provided by the contract.

The appellee, as respondent below in the present case, filed an answer to appellant's petition, wherein he admitted that appellant had enlisted in the military service of the United States in June, 1916, and served therein until February, 1919, and that appellant had entered into a contract with the United States for yearly renewable term insurance as alleged in his petition. Appellee also admitted the allegations of appellant's petition respecting the suit maintained by appellant against appellee in the United States court in Tennessee, and that the terms of the judgment entered in that case were as above quoted. He admitted that monthly payments of benefits under the insurance contract as granted to appellant by the judgment were made from the date thereof until May 4, 1933, and that on the latter date appellee determined that appellant had recovered his ability to follow continuously some substantially gainful occupation and accordingly was no longer permanently and totally disabled within the meaning of his contract of yearly renewable term insurance; that appellee then refused and still refuses to make any further payments for permanent and total disability benefits to appellant under the contract or the judgment, but avers that he recognized the right of appellant to have his insurance converted into level premium life or endowment insurance as provided by law and the regulations of the bureau. And appellee denied

that his action in this behalf was arbitrary, without evidence to support the same, or beyond the scope of his authority. Wherefore he prayed that appellant's petition be dismissed.

Appellant demurred to the answer, and the demurrer was overruled by the trial court. Appellant determined to stand upon the demurrer, whereupon judgment was entered against him and the present appeal was taken.

We think the trial court was right in overruling the demurrer to the answer. The contract of insurance involved herein was made pursuant to the following statutes, among others, of the United States and the regulations promulgated by authority thereof:

"That in order to give to every commissioned officer and enlisted man and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female) when employed in active service under the War Department or Navy Department, greater protection for themselves and their dependents than is provided in Article III, the United States, upon application to the bureau and without medical examination, shall grant insurance against the death or total permanent disability of any such person in any multiple of $500, and not less than $1,000 or more than $10,000, upon the payment of the premiums as hereinafter provided." Section 400, War Risk Insurance Act, 40 Stat. 409.

"That the director, subject to the general direction of the Secretary of the Treasury, shall administer, execute, and enforce the provisions of this Act, and for that purpose have full power and authority to make rules and regulations not inconsistent with the provisions of this Act, necessary or appropriate to carry out its purposes, and shall decide all questions arising under the Act, except as otherwise provided in section five. * * *". Section 13, War Risk Insurance Act, as amended by Act May 20, 1918, § 1, 40 Stat. 555.

" * * * In case where an insured whose yearly renewable term insurance has matured by reason of total permanent disability is found and declared to be no longer permanently and totally disabled, and where the insured is required under regulations to renew payment of premiums on said term insurance, and where this contingency is extended beyond the five-year period during which said yearly renewable term insurance otherwise must be converted, there shall be given such insured an additional period of two years from the date on which he is required to renew payment of premiums in which to convert said term insurance as hereinbefore provided." Section 404, War Risk Insurance Act, as amended by Act Aug. 9, 1921, § 24, 42 Stat. 155.

On March 9, 1918, the director of war risk insurance, with the approval of the Secretary of the Treasury, adopted the following regulations (T. D. No. 20):

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed in articles 3 and 4 to be total disability. 'Total disability' shall be deemed to be 'permanent' whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it. Whenever it shall be established that any person to whom any installment of insurance has been paid as provided in article 4 on the ground that the insured has become totally and permanently disabled, has recovered the ability to continuously follow any substantially gainful occupation, the payment of installments of insurance shall be discontinued forthwith and no further installments thereof shall be paid so long as such recovered ability shall continue."

The foregoing enactments and regulations plainly establish the fact that authority was vested in the appellee to review the awards of benefits based upon a finding of permanent disability, and that such awards should be terminated in case the director found that the disability of the insured had ceased.

However, it is contended by appellant that the judgment entered by the federal court in Tennessee established with complete and final authority that the disability of the appellant was permanent in fact, and that appellee was bound by the judgment, and no longer possessed authority to review the case or discontinue the payment of the awards made by the judgment.

We think that this contention is untenable. The judgment of the court required the payment of the amount of the award which was due at the time when it was rendered, and likewise "such further installments thereafter accruing by reason of this judgment as provided by law." We think the court did not undertake by this language to deprive the director of authority to examine the case in the future, and to decide upon it at such time. The court's judgment expressly makes the payment of future in-

stallments subject to the existing provisions of the law.

In the case of United States v. Lyke (C. C. A.) 19 F.(2d) 876, 878, concerning a suit on a contract of yearly renewable term insurance such as is involved in the instant case, the trial court rendered judgment for the aggregate of the installments accruing from the date of permanent and total disability, as found, to the date of the judgment, and further adjudged that the insured be paid the sum of $57.50 on the first day of each month thereafter for a period of 190 months, provided, that if on a proper showing to the court that a change of conditions affecting the disability of the plaintiff constituted an error to continue said payments, the judgment would be modified accordingly. The United States appealed from this judgment to the Court of Appeals for the Ninth Circuit, assigning as error such part of the judgment as provided for the payment of installments accruing after the date of the judgment. In disposing of the appeal the Court of Appeals said in part: "We think it clear that the trial court could not render a binding judgment for payment of future installments on the contract of insurance." The appellate court likewise held that the provision above cited should be "eliminated from the judgment," and the judgment of the lower court for the payment of future installments was reversed.

In the case of the United States v. Charles Jackson (C. C. A.) 34 F.(2d) 241, 242, 73 A. L. R. 316, likewise a suit on a contract of yearly renewable term insurance such as is involved in the instant case, the trial court ordered and adjudged that plaintiff recover in the sum of $57.50 for each and every month from October 30, 1918, to date of such judgment, February 16, 1928, together with interest, and further ordered:

"* * * From and after this date the Bureau of War Risk Insurance shall pay directly to the plaintiff the sum of $57.50 per month as long as he shall live, and his permanent disability shall continue, unless the plaintiff shall forfeit his right to the same as provided by the War Risk Insurance Act. Jurisdiction of this cause is reserved in order that the defendant may at any time present to this court and in this action any showing as to why such payments so directed to be made should cease."

The United States appealed from the judgment, assigning as error the action of the court in reserving jurisdiction to determine whether payment of future installments should continue. The judgment [(D. C.) 24 F.(2d) 981] was reversed by the Court of Appeals for the Tenth Circuit, whose decision in part reads as follows: "First, with reference to the question of reserved jurisdiction. It is well settled that the court was without authority to render judgment for payments of future installments on the contract of insurance." See 38 USCA, § 445.

We are of the opinion also that the allegations in appellant's petition that the "respondent acted arbitrarily and capriciously, without evidence to support his decision, and beyond the scope of his authority," are not averments of fact, but conclusions of law, and are not sustained by the other allegations of the petition. In section 5 of the World War Veterans' Act 1924, as amended by Act July 3, 1930, § 1 (38 USCA § 426) it is provided: "The director, subject to the general direction of the President, * * * shall decide all questions arising under this chapter; and all decisions of questions of fact and law affecting any claimant to the benefits of Parts II, III, or IV of this chapter shall be conclusive except as otherwise provided herein." In the case of Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 71, 69 L. Ed. 256, the Supreme Court, speaking through Mr. Justice Sutherland, in part said: "The statute which creates the asserted right, commits to the Director of the Bureau the duty and authority of administering its provisions and deciding all questions arising under it; and in the light of the prior decisions of this court, we must hold that his decision of such questions is final and conclusive and not subject to judicial review, at least unless the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious. * * *" In the present case it does not appear that appellant's decision is wholly unsupported by the evidence, or wholly dependent upon a question of law, or is clearly arbitrary or capricious.

The appellant in his brief lays stress upon the provisions of section 17, Public, No. 2, 73rd Congress, 48 Stat. 11 (38 USCA § 717), providing that "all laws granting or pertaining to yearly renewable term insurance are hereby repealed." We need not discuss this reference inasmuch as the part of that act relevant to the present case was held by the Supreme Court to be unconstitutional. Lynch v. United States (Wilner v. United States), 292 U. S. 571, 54 S. Ct. 840, 78 L. Ed. 1434. Decided June 4, 1934.

We may also add without further discussion that in our opinion the issue sought to be raised by appellant in this case is not subject to control by writ of mandamus. United States ex rel. Finley v. Hines, Director, 58 App. D. C. 120, 25 F.(2d) 544.

The decision of the lower court is affirmed.