### KONTOVICH v. UNITED STATES.
#### No. 7555.

Circuit Court of Appeals, Sixth Circuit.
Nov. 18, 1938.

A. B. Bowman, of Johnson City, Tenn. (George M. Dunn and Simmonds & Bowman, all of Johnson City, Tenn., on the brief), for appellant.

Wilbur C. Pickett, of Washington, D. C. (J. B. Frazier, Jr., of Knoxville, Tenn., Ernest F. Smith, of Morristown, Tenn., and Julius C. Martin, Wilbur C. Pickett, and Kenneth E. Spencer, all of Washington, D. C., on the brief), for the United States.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant appeals from a judgment dismissing his petition. He was the insured under a war risk policy and on August 15, 1932, obtained a judgment against appellee, the court finding as a fact that while the policy was in full force and effect, the appellant was permanently and totally disabled from October 1, 1919, and adjudged that he recover of the United States $57.50 per month from October 1, 1919, computed as provided by law. Since the date of its entry, the judgment has remained unimpaired.

The United States paid the monthly installments on the policy as adjudged until June, 1934, at which time the appellant was, by mail, notified by the office of the Administrator of Veterans' Affairs that all payments under the judgment would cease as of June 30, 1934, and also advised appellant that he could appeal from this decision to the Administrator of Veterans' Affairs. He prosecuted an appeal and on March 15, 1935, the Board of Veterans' Appeals notified him he was not entitled to receive further payments under the judgment and that the action of the Insurance Claims Council discontinuing payments was approved, and that this decision was a final administrative denial of his claim.

Appellant subsequently instituted this action claiming that because of the judgment of the court, the Veterans' Bureau was without legal authority to discontinue payments to him and prayed that he be awarded $57.50 per month for each and every month from June, 1934, to April, 1935, and a judgment for all months subsequent to that date until his insurance policy was fully satisfied, including an allowance for counsel fees and costs.

The United States answered and admitted the allegation of appellant's petition insofar as the former judgment was plead, but denied that it was an adjudication of his present total permanent disability. The case was submitted on the pleadings and the lower court dismissed appellant's petition.

The contract of insurance involved was made pursuant to the following statutes, among others, of the United States and the regulations guiding their administration:

"That in order to give to every commissioned officer and enlisted man and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female) when employed in active service under the War Department or Navy Department greater protection for themselves and their dependents than is provided in Article III, the United States, upon application to the bureau and without medical examination, shall grant insurance against the death or total permanent disability of any such person in any multiple of $500, and not less than $1,000 or more than $10,000, upon the payment of the premiums as hereinafter provided." Section 400, War Risk Insurance Act, 40 Stat. 409.

"That the director, subject to the general direction of the Secretary of the Treasury, shall administer, execute, and enforce the provisions of this Act, and for that purpose have full power and authority to make rules and regulations not inconsistent with the provisions of this Act, necessary or appropriate to carry out its purposes, and shall decide all questions arising under the Act, except as otherwise provided in section five. * * *" Section 13, War Risk Insurance Act, as amended by Act May 20, 1918, § 1, 40 Stat. 555.

"* * * In case where an insured whose yearly renewable term insurance has matured by reason of total permanent disability is found and declared to be no longer permanently and totally disabled,

and where the insured is required under regulations to renew payment of premiums on said term insurance, and where this contingency is extended beyond the period during which said yearly renewable term insurance otherwise must be converted, there shall be given such insured an additional period of two years from the date on which he is required to renew payment of premiums in which to reinstate or convert said term insurance as hereinbefore provided." Section 301, World War Veterans' Act as amended July 3, 1930, c. 849, Sec. 22, 46 Stat. 1001, U.S.C.A. Title 38, Sec. 512.

On March 9, 1918, the director of war risk insurance, with the approval of the Secretary of the Treasury, adopted the following regulations (T. D. No. 20):

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed in articles 3 and 4 to be total disability. 'Total disability' shall be deemed to be 'permanent' whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it. Whenever it shall be established that any person to whom any installment of insurance has been paid as provided in article 4 on the ground that the insured has become totally and permanently disabled, has recovered the ability to continuously follow any substantially gainful occupation, the payment of installments of insurance shall be discontinued forthwith and no further installments thereof shall be paid so long as such recovered ability shall continue."

The War Risk Insurance Act as amended, 43 Stat. 1302, 38 U.S.C.A. § 445, provides that:

"In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

The Acts, supra, relating to insurance provided that upon application to the Bureau, the United States "shall grant insurance against the death or total permanent disability." The term "total disability," as used in the Act, does not mean helplessness or complete disability but it includes more than that which is partial. "Permanent disability" means that which is continuing as opposed to that which is temporary. Lumbra v. United States, 290 U.S. 551, 561, 54 S.Ct. 272, 276, 78 L.Ed. 492.

"Total permanent disability" means a disability complete in its nature and more than temporary in its character, one at least, that in all human probability will continue for a long and indefinite period of time. United States v. McGrory, 1 Cir., 63 F.2d 697; United States v. Hodges, 6 Cir., 74 F.2d 617.

The judgment in the original action was based on a finding of facts that the appellant was totally and permanently disabled at that time.

The War Risk Insurance Act was intended to afford the soldier the advantages of ordinary life and accident insurance, which were no longer reasonably available to him and being substitute insurance, such Government contracts are to be construed by the same rules as like contracts involving private parties and the jurisdiction conferred on the courts to adjudicate such contracts must be exercised in accordance with the laws governing the usual procedure of the courts in actions for money compensation. Law v. United States, 266 U.S. 494, 496, 45 S.Ct. 175, 176, 69 L.Ed. 401.

Proceeding from this premise, the appellant acquired no greater rights under his judgment than he would have had if suing an ordinary insurance carrier. Whatever was subject to litigation between appellant and appellee in the first action is forever precluded and cannot again be litigated.

If the claim on which he was accorded judgment grew out of an indivisible contract, the whole being due and payable at the time of the commencement of his original action, or if the questions put in issue in that case applied with equal force to the contract in its entirety, though divisible, the litigation is at an end. There can be no splitting up of a cause of action on a single insurance policy. However, if the insurance is payable in periodic installments or subject to some changed condition, it constitutes an entire contract, but

the obligation thereunder is severable and a prior action does not preclude the parties as to subsequent controversies. United States v. Worley, 281 U.S. 339, 344, 50 S. Ct. 291, 293, 74 L.Ed. 887; United States v. Jackson, 10 Cir., 34 F.2d 241, 73 A.L.R. 316; United States v. Napoleon, 5 Cir., 296 F. 811.

The word "permanent" usually implies perpetual continuance and, in connection with a person, existing until his death, but because of the uncertainty of life and inexactness of medical science, time, the greatest disseminator of truth, often proves erroneous the prophecy by men of the duration of disability and apparently permanent total disability found to exist at one time subsequently disappears. United States v. Patryas, 303 U.S. 341, 345, 58 S. Ct. 551, 553, 82 L.Ed. 883.

The first judgment adjudicated appellant's rights under the policy of insurance to its date. The court was without jurisdiction to determine any rights subsequently accruing. Compare United States v. Lyke, 9 Cir., 19 F.2d 876; United States ex rel. v. Hines, 64 App.D.C. 5, 73 F.2d 514 (C.C.A.,D.C.)

The Congress recognized the fact that though once found, total permanent disability might not continue and under Section 301 of the World War Veterans' Act, supra, it was provided that an insured to whom disability benefits had been awarded may be found to be no longer totally and permanently disabled and provided for continuance of insurance protection by resumption of premium payments and extended the period for reinstatement or conversion of term insurance.

The United States can be sued only by its consent and the right to sue it on a war risk insurance contract is given solely by the provisions of 38 U.S.C.A. § 445, and as a prerequisite thereto the insured must show a disagreement with the Bureau respecting his claim.

It is the duty of the Administrator of Veterans' Affairs to decide the question of facts as to when total permanent disability exists under a war risk insurance contract (46 Stat. 991 and 1016, 38 U.S.C.A. § 426) and he is not relieved of the duty of determining the continuance of this condition subsequent to a court judgment, which adjudicated it for a given period.

The determination of the Administrator of Veterans' Affairs that total permanent disability ceased subsequent to a court judgment so declaring is that initially provided by the Statute and since it is based on his conception of the phrase "total permanent disability" which is not binding on the court, and on his own regulations covering "the nature and extent of the proof and evidence" and as the court in the event of disagreement is required to determine the facts according to the rules of evidence which control it, in a trial it will give full weight to the presumption of total permanent disability as previously judicially determined, and place upon the Administrator the burden of proof to show subsequent changes in the physical condition of the assured.

The Administrator of Veterans' Affairs was authorized under the Statute to determine that appellant was no longer totally permanently disabled. The judgment is affirmed.