FRANK M. DIXON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LLOYD G. BOWERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 91246, 91247. Promulgated April 19, 1939.

*Lloyd G. Bowers, Esq.*, for the petitioners.
*L. W. Creason, Esq.*, for the respondent.

**OPINION.**

Hill: The sole question presented for determination is whether the income received by petitioners as compensation for services in suits against the Government for the recovery of War Risk insurance under the World War Veterans' Act of 1924 and amendments thereto is exempt from taxation. If it is so exempt our decision must be for the petitioners. If it is not exempt the deficiencies must be approved.

Petitioners contend that the income received from the fees in question is exempt from taxation under the provisions of the World War Veterans' Act of 1924 as amended, as set forth in sections 454, 454a, 445, and 551, Title 38, Part V, U. S. C. A.

Section 454 provides in part as follows:

The compensation, insurance, and maintenance and support allowance payable under Parts II, III, or IV, respectively, shall not be assignable; * * * and shall be exempt from all taxation. * * *

This section was modified by act of Congress approved August 12, 1935, ch. 510, sec. 3, 49 Stat. 607, and as modified appears as section 454a, *supra*, which provides in part as follows:

Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, * * *

Section 445 provides in part as follows:

In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *

Section 551 provides in part as follows:

Except in the event of legal proceedings under section 445 of this chapter, no claim agent or attorney except * * * shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV, of this chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case: Provided, however, that wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this chapter the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment.

Petitioners argue that since attorneys are deprived of the right of fixing the amount of their compensation by contract in War Risk insurance litigation and receive direct from the Government payment of their fees for such services in such amount as the court shall fix, within the statutory limitation, out of tax-exempt moneys recovered under the judgment or decree rendered in such litigation, the income realized from fees is a part of such tax-exempt moneys and is, itself, tax-exempt in the hands of the attorneys.

The respondent contends, on the other hand, that petitioners realized income as compensation for personal service rendered litigants in War Risk insurance and that such income is taxable regardless of the means of payment of such compensation; that the fact that such compensation was paid out of a tax-exempt award to the litigant does not affect the taxable status of the income so received by petitioners.

We agree with the contention of respondent. Section 22 (a) of the Revenue Act of 1934 provides:

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses * * *.

Such income of petitioners does not come within the exclusions from gross income as provided in section 22 (b), nor does it come within the deductions from gross income allowable under section 23 of the act. It is apparent, therefore, the compensation in question must be included in petitioners' gross income in determining their tax liability.

Sections 454 and 454a, *supra*, make an award for War Risk insurance exempt from taxation. Such award is made to the veteran under his contract with the Government. An attorney who represents the veteran in a suit against the Government to secure such award is not a party to such contract and is not a beneficiary thereunder. No award for insurance is made to him. He performs services for which he is compensated in the manner provided under section 551, *supra*. He accepts the statutory provisions as to the amount and method of his compensation when he agrees to render such service. The Government can not be sued without its consent. In giving such consent it may impose conditions which must be complied with. *United States ex rel. Norris* v. *Forbes*, 278 Fed. 331.

Petitioners voluntarily accepted employment under the provisions of this statute. They realized income from the performance of personal service therein even though they were powerless in determining the amount thereof. That service was paid for by the Government for, and out of moneys belonging to, petitioners' client. The moneys with which the payment was made was exempt from taxation as against the insured veteran, but as representing income to petitioners for personal service performed it is taxable. *Hitner* v. *Lederer*, 63 Fed. (2d) 877.

*Decision will be entered for the respondent.*