## MORGAN v. HINES.

### No. 7369.

United States Court of Appeals for the
District of Columbia.

Decided July 15, 1940.

Warren E. Miller, of Washington, D. C.,
for appellant.

David A. Pine, U. S. Atty., J. J. Wilson,
John H. Mitchell, and Albert Goldstein,
Asst. U. S. Attys., and James T. Brady,
and John M. George, United States Vet-
erans' Administration, all of Washington,
D. C., for appellee.

Before GRONER, Chief Justice, and
MILLER and VINSON, Associate Jus-
tices.

VINSON, Associate Justice.

This is an appeal from a judgment of the
District Court dismissing a petition for a
mandamus to compel the Administrator of
the Veterans' Administration to pay the
proceeds of a government life insurance
policy into a veteran's estate administered
by the appellant.

It appears from the allegations
of appellant's amended pleadings that the

Insurance Claims Council, a subordinate agency of the Veterans' Administration, on more than one occasion approved his claim for the proceeds of an insurance policy issued to the veteran. He further alleges that no appeal was taken from these decisions but that the Administrator on his own motion reconsidered the claim and finally denied it on April 18, 1935. In contending that these allegations make out a good case for the issuance of a mandamus to compel payment of his claim, the appellant argues that the favorable action of the Insurance Claims Council, without an appeal being taken therefrom, precluded the Administrator from re-examining the matter. In support of this position he points first to § 11a of Title 38 U.S.C. which provides: "All final decisions or orders of any division, bureau, or board in the Veterans' Administration shall be subject to review, on appeal, by such administrator".[1] From this he would have us infer that in the absence of an appeal by the claimant the finding of the subordinate Insurance Claims Council is conclusive on the Administrator even though manifestly erroneous.[2] On the contrary we think it would be clearly improper to read this broad provision as a restriction on the Administrator's supervisory authority. It is, rather, merely confirmatory of the final responsibility for administration of all Veterans' Affairs earlier lodged in the Administrator, in respect to World War veterans' affairs, by § 5 of the World War Veterans' Act which provides in part that: "The director [Administrator of Veterans' Affairs] * * * shall administer, execute, and enforce the provisions of this Act [chapter] * * * and shall decide all questions arising under this Act [chapter] * * * and all decisions of questions of fact and law affecting any claimant to the benefits of [Compensation, Insurance, and Vocational Rehabilitation] shall be conclusive except as otherwise provided herein."[3] Under this statutory provision it is clear the Administrator is invested with complete authority in the Veterans' Administration respecting claims for insurance benefits. Hence, while he may delegate functions, he has full power under the statute to re-examine on his own motion the findings of his subordinates in the interests of proper administration of the Act.[4] Nor does the Administrator's regulation referred to by the appellant evi-

---

[1] 46 Stat. 1016, 38 U.S.C.A. § 11a.

[2] It should be noted that acceptance of this argument would preclude the Administrator from reviewing, on his own motion, decisions adverse to the claimant as well as those favorable to him. It would seem hard to say the Administrator does not have sufficient authority to allow on his own motion a claim for compensation, pension, vocational rehabilitation, or insurance benefits erroneously denied by his subordinates.

[3] 43 Stat. 608, as amended, 38 U.S.C.A. § 426.

[4] Knight v. United States Land Association, 142 U.S. 161, 177–181, 12 S.Ct. 258, 264, 35 L.Ed. 974 (Statutory provision giving the Secretary of the Interior supervisory authority over the disposition of public lands—held that this authorized him to review the decisions of subordinate officials, and "It makes no difference whether the appeal is in regular form according to the established rules of the department, or whether the secretary on his own motion, knowing that injustice is about to be done by some action of the commissioner, takes up the case and disposes of it in accordance with law and justice"); Orchard v. Alexander, 157 U.S. 372, 381, 385, 15 S.Ct. 635, 39 L.Ed. 737 (same effect); United States v. Bentley, 2 Cir., 107 F.2d 382, 383 (a statutory

provision respecting pensions, 38 U.S.C.A. § 620, to the effect that the decision of the Secretary of War shall be "final and conclusive" does not prevent the Secretary from correcting his own decision).

It may be noted that the complaint of the appellant does not allege that the instant decision was made by the Administrator without adequate notice to, and an opportunity for hearing by, the appellant. The appellee's answer alleges that in fact, after the last finding of the Insurance Claims Council, the Administrator "caused additional investigation to be made and further evidence to be secured, authorized oral hearings before the Board of Veterans Appeals of the Veterans' Administration [an agency duly established by the Administrator to hear appeals from the Insurance Claims Council, among other things], at which hearings the plaintiff was represented; that he obtained the views of medical and other experts of the Veterans' Administration in reference to this claim and upon a review of all the evidence he determined that the plaintiff had failed to establish that the insured *, * * became permanently and totally disabled when his said contract of insurance was in force and therefore [the Administrator] * * * denied said claim for insurance." The appellant makes no denial of these

dence any effort on his part to divest himself of this authority.[5]

■■■ We conclude that under § 5 of the World War Veterans' Act final authority in the Veterans' Administration in respect to claims for insurance benefits rests with the Administrator[6] and his denial of the appellant's claim was effective to create a disagreement thereon within the meaning of § 19 of the Act. Under this latter section it is provided that "In the event of disagreement as to claim * * under a contract of insurance between the bureau [Veterans' Administration] and any person or persons claiming thereunder

an action on the claim may be brought against the United States either in the [District Court of the United States for the District of Columbia] or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies".[7] In respect to claims under an insurance contract for the proceeds of the policy, this court has previously held that the remedy provided by § 19 is exclusive, and that mandamus will not lie to compel payment thereof.[8] We adhere to that view.

---

allegations, nor does he charge that the Administrator's finding was erroneous.

[5] The regulation relied on by the appellant was promulgated by the Administrator on July 1, 1931 and in part provides: "§ 3204. Appeal from decision by Insurance Claims Council.—Where the insurance claims council finds that permanent and total disability [excusing nonpayment of premiums] does not exist, as alleged, such *denial* shall be final. However, the veteran or his representative shall have the right of appeal to the administrator * * * providing such appeal be exercised within sixty days from the date of receipt of notice of the final action of the council." (Italics supplied) This regulation clearly does not purport to deal with the finality of the Council's decisions *favorable* to the claimant nor does it detract from the power of the Administrator to review such decisions on his own motion. Moreover, we think the finality of adverse decisions under this regulation is finality only in respect to the claimant and does not purport to bar the Administrator from reviewing such decisions on his own motion.

[6] For purposes of relief in the courts under § 19 of the Act, Congress in 1935 amended the act so that "A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 19 [445] of [this title] the World War Veterans' Act, 1924, as amended." 49 Stat. 1, 38 U.S.C.A. § 445c. This provision does not affect the claimant's right to appeal to the Administrator from a subordinate denial nor does it touch on the Administrator's power to review such a denial on his own motion. Its effect was merely to provide the claimant with an option to pursue his judicial remedy without first prose-

cuting an administrative appeal. Howard v. United States, 6 Cir., 97 F.2d 987, 988.

[7] 43 Stat. 612, as amended, 38 U.S.C.A. § 445.

[8] United States ex rel. Norris v. Forbes, 51 App.D.C. 248, 278 F. 331; United States ex rel. Finley v. Hines, 58 App. D.C. 120, 122, 25 F.2d 544; United States ex rel. Wilkinson v. Hines, 64 App.D.C. 5, 9, 73 F.2d 514. See also United States Board of Tax Appeals v. United States ex rel. McCandless, 58 App.D.C. 222, 26 F.2d 1000.

In contending that mandamus is available to compel payment of insurance proceeds on a claim under the insurance contract the appellant relies *principally* on Smith v. United States, 4 Cir., 57 F. 2d 998, and United States ex rel. Lyons v. Hines, 70 App.D.C. 36, 103 F.2d 737, 122 A.L.R. 674. The first-mentioned case involved a claim for compensation, not one for insurance benefits. No provision is made by the World War Veterans' Act for suit in the courts respecting claims for compensation, whereas there is such provision in respect to insurance claims. Hence, the availability of mandamus in the Smith case respecting a claim for compensation presented a very different question than the availability of that remedy in respect to a claim under a contract for insurance. The Smith case was decided in 1932. The next year Congress passed the Economy Act of 1933 and § 5 thereof (38 U.S.C.A. § 705) provides that: "All decisions rendered by the Administrator of Veterans' Affairs under the provisions [of sections 701 to 721] of this title, or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by *mandamus* or *otherwise* any such decision". Brandeis, J., stated in Lynch v. United States, 292 U.S. 571,

The judgment of the District Court dismissing the appellant's petition for a mandamus must therefore be affirmed. Affirmed.

587, 54 S.Ct. 840, 847, 78 L.Ed. 1434 in reference to this section: "It concerns only grants to veterans and their dependents—to pensions, *compensation allowances*, and special privileges all of which are gratuities. [Italics supplied] The purpose of the section appears to have been to remove the possibility of judicial relief in that class of cases even under the special circumstances suggested in [cases cited]."

United States ex rel. Lyons v. Hines, supra, is likewise distinguishable from the instant case. That case involved a petition for a mandamus to compel the Administrator to reinstate a total disability clause in the veteran's insurance policy, on the basis of the Administrator's own finding. There was present in the case no claim for insurance benefits under the policy, hence the remedy of a suit under § 19 was not available. See Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, 73 A.L.R. 310. Our decision that the veteran might secure a mandamus compelling reinstatement of the total disability clause was not, therefore, inconsistent with our prior decisions holding that in respect to a claim under an insurance contract for the proceeds thereof the remedy provided by § 19 was exclusive.

It might be observed that whether the applicable statute of limitations has run on the appellant's right of action under § 19 is not material to the question of whether mandamus is available as a remedy now. United States Board of Tax Appeals v. United States ex rel. McCandless, 58 App.D.C. 222, 223, 26 F.2d 1000.